# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 10 WAP 2016 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court entered November 24, 2014 at |
| | : | No. 402 WDA 2014, affirming the Order |
| v. | : | of the Court of Common Pleas of |
| | : | Clearfied County entered February 12, |
| | : | 2014 at No. CP-17-CR-0000894-2000. |
| THOMAS M. REED, | : | |
| | : | ARGUED: March 7, 2017 |
| Appellant | : | |

## CONCURRING STATEMENT

**JUSTICE MUNDY**                              **DECIDED: August 22, 2017**

I agree that in light of this Court's recent decision in *Commonwealth v. Muniz*, ___ A.3d ___, 2017 WL 3173066 (Pa. July 19, 2017), the Superior Court erred in rejecting Appellant's argument that SORNA is an *ex post facto* law.[1] However, if I were writing on a blank slate, I would conclude that SORNA does not violate the *Ex Post Facto* Clauses of the Federal and Pennsylvania Constitutions.

I have previously expressed my views in this area in *Commonwealth v. Perez*, 97 A.3d 747 (Pa. Super. 2014). Therein, the Superior Court balanced the factors articulated under *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963). The panel concluded that SORNA's requirement that an offender appear physically in person to

---

[1] I did not participate in *Muniz*, which was argued with *Commonwealth v. Gilbert*, 48 MAP 2016, a case in which I participated on the Superior Court.

regularly update his or her information was "an affirmative restraint," weighing in favor of concluding SORNA was punitive, and therefore an *ex post facto* law.  *Perez*, 97 A.3d at 754.  However, the court also concluded that the other six factors did not weigh in favor of concluding SORNA was punitive.  *See id.* 754-58.  Balancing these factors, *Perez* concluded that SORNA was not punitive, and therefore not an *ex post facto* law under the Federal Constitution.[2]  *Id.* at 758-59.

I continue to believe that *Perez* was correctly decided and struck the proper balance under controlling cases from the Supreme Court of the United States.  I therefore disagree with *Muniz*'s conclusion that SORNA violates the *Ex Post Facto* Clause of the Federal Constitution.  Even assuming that *Muniz*'s federal constitutional analysis was correct, its analysis should have properly ended there, since any claim under the Pennsylvania Constitution is moot.  *See generally Pap's A.M. v. City of Erie*, 719 A.2d 273, 281 n.12 (Pa. 1998) (concluding that since a local ordinance violated the First Amendment of the Federal Constitution, there was no need to consider whether the ordinance also violated the Pennsylvania Constitution), *rev'd*, 529 U.S. 277 (2000).  Since the Court decided to reach that argument, I agree with Justice Wecht that the *Ex Post Facto* Clause of the Pennsylvania Constitution does not provide higher protections than its federal counterpart.  *See Muniz*, 2017 WL 3173066, at *26-33 (Wecht, J., concurring).

Although I disagree with *Muniz*'s conclusions, they are now the law of this Commonwealth.  As such, they must be applied in a meaningful way.  No sensible reading of *Muniz* would permit the Superior Court's contrary judgment to stand.  I

---

[2] The panel did not address Perez's claim under the Pennsylvania Constitution, due to his failure to conduct an analysis pursuant to *Commonwealth v. Edmunds*, 586 A.2d 887 (Pa. 1991) in his brief.  *See Perez*, 97 A.3d at 759-60.

therefore join the Court's order in this case, because it correctly applies *Muniz* and reverses the Superior Court's order in this regard.