J-E01004-17

2018 PA Super 245

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS FERNANDEZ | : | |
| | : | No. 1888 EDA 2015 |
| Appellant | : | |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0902501-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEBORAH JEDRZEJ | : | |
| | : | No. 1900 EDA 2015 |
| Appellant | : | |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1110002-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH LEWIS | : | |
| | : | No. 1904 EDA 2015 |
| Appellant | : | |

Appeal from the Order June 15, 2015

In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000638-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A.M. | : | |
| | : | No. 1907 EDA 2015 |
| Appellant | : | |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003016-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL C. CORBIN | : | |
| | : | No. 1909 EDA 2015 |
| Appellant | : | |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006112-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIE COLBERT | : | |
| | : | No. 1913 EDA 2015 |
| Appellant | : | |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0907851-1996

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALBERT DONNELLY | : | |
| | : | No. 1917 EDA 2015 |
| Appellant | : | |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0206991-2001

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTOR DEFLICE | : | |
| | : | No. 1918 EDA 2015 |
| Appellant | : | |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0108471-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| APRIL GREGHINI | : | |
| | : | No. 1936 EDA 2015 |
| Appellant | : | |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0806121-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACY L. MCKINNEY | : | |
| | : | No. 1939 EDA 2015 |
| Appellant | : | |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CP-0006404-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE MELENDEZ | : | |
| | : | No. 1940 EDA 2015 |
| Appellant | : | |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1110221-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIANO ORTIZ | : | |
| | : | No. 1941 EDA 2015 |
| Appellant | : | |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0203931-2006

COMMONWEALTH OF
PENNSYLVANIA

       v.

ROBERT NED

        Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1943 EDA 2015

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012780-2008

COMMONWEALTH OF
PENNSYLVANIA

       v.

MICHAEL STANGER

        Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1944 EDA 2015

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012763-2010

COMMONWEALTH OF
PENNSYLVANIA

       v.

ALBERT WILSON

        Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1945 EDA 2015

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005469-2008

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREK WHITE | : | |
| | : | No. 1946 EDA 2015 |
| Appellant | : | |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012967-2008

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALBERT TILSON | : | |
| | : | No. 1947 EDA 2015 |
| Appellant | : | |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003959-2010

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK GARCIA | : | |
| | : | No. 1948 EDA 2015 |
| Appellant | : | |

Appeal from the Order June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003899-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL T. LOVELACE | : | |
| | : | No. 2039 EDA 2015 |
| Appellant | : | |

Appeal from the Order Entered June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  MC-51-CR-0050091-2008

BEFORE:  BENDER, P.J.E., BOWES, J., PANELLA, J., SHOGAN, J., LAZARUS, J., OLSON, J., DUBOW, J., MOULTON, J., and SOLANO, J.

OPINION BY PANELLA, J.                    **FILED SEPTEMBER 05, 2018**

These consolidated appeals follow our Supreme Court's abrogation of the retroactive provisions from the Sexual Offender Registration and Notification Act (SORNA) in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), *cert. denied*, 138 S.Ct. 925 (2018).[1] After Appellants were found to have violated the terms of their respective probationary sentences, the trial court, following the mandates of ***Commonwealth v. Partee***, 86 A.3d 245 (Pa. Super. 2014), ordered Appellants to comply with the new registration conditions and terms assigned to their crimes under SORNA. Appellants request that we reverse the decisions of the trial court, and enforce the terms

_____

[1] SORNA is codified at 42 PA.C.S.A. §§ 9799.14, 9799.15.

of the original registration requirements from the time of their initial pleas and sentencing hearings.

We are constrained to order that under *Muniz*, the trial court may not increase their registration requirements under SORNA. Consequently, we find that *Muniz* abrogates *Partee*, and agree with Appellants that the original periods of sexual offender registration and conditions imposed in each case be reinstated.

The relevant facts and procedural history of these consolidated appeals are as follows. Each of the nineteen Appellants accepted plea agreements to various sexual offenses prior to SORNA's effective date, which was December 20, 2012. Under the law regarding sexual offender registration effective at the time of their plea agreements, two Appellants did not have to register as sexual offenders, and the remaining Appellants had to register for a period of ten years.[2]

While Appellants' cases are not identical, each is similarly situated. Two Appellants, Wilson and Colbert, pled guilty to crimes that, at the time, did not require any period of registration as sexual offenders. The remaining seventeen Appellants accepted plea deals to crimes that included ten years of registration as sexual offenders under then-existing versions of Megan's Law, 42 PA.C.S.A. §§ 9791-9799.7 (expired December 20, 2012). In exchange for Appellants' guilty or no-contest pleas, the Commonwealth withdrew several

---

[2] To assist in our review, the parties have reached stipulations regarding the procedural history of each case.

other charged offenses in each case. Had Appellants been convicted of these withdrawn offenses, each would have been subjected to longer periods of registration as sexual offenders. All of these dispositions occurred prior to the effective date of SORNA.

At sentencing in each case, Appellants were informed of whether they were required to register, and if so for how long. All nineteen Appellants later violated their respective probationary terms. Appellants were each resentenced, to either incarceration or additional periods of probation.

On December 20, 2011, the Legislature enacted SORNA, which, as aforesaid, became effective on December 20, 2012. Appellants were informed that they were subject to its new registration requirements.[3] The new requirements increased each Appellant's registration term from its original length imposed at sentencing. Nearly all Appellants' registration terms increased to lifetime reporting requirements.[4]

Each Appellant filed a "Petition to Enforce Plea Agreement or for a Writ of Habeas Corpus." Appellants challenged the retroactivity of SORNA to their

---

[3] Appellants Lewis, McKinney, Ned, White, Garcia, Lovelace, and Tilson were resentenced for their probation violations after SORNA's effective date. The remaining Appellants were resentenced before SORNA became effective. Notwithstanding the timing of resentencing, each Appellant was informed that his or her failure to comply with terms of supervision resulted in the rejection of the sexual offender registration period agreed to at original sentencing and that they would be reclassified under SORNA.

[4] Appellant Stanger's registration term increased to 15 years under SORNA. The registration terms for Appellants Lewis, Lovelace, and Greghini each increased to 25 years.

cases, and argued that it violated the plea deals each had made with the Commonwealth. The trial court denied Appellants' petitions, holding that Appellants were not entitled to specific performance of the negotiated plea bargain because Appellants had violated the terms of their plea agreements. In each case, the trial court relied upon **Partee**. This Court ultimately granted *en banc* review, and these consolidated appeals are now before us.

A more detailed recitation of the facts relating to each Appellant follows:

Carlos Fernandez: On September 20, 2006, Fernandez entered into a negotiated plea agreement with the Commonwealth and pled guilty to Indecent Assault, 18 PA.C.S.A. § 3126(a)(7),[5] and Corruption of Minors, 18 PA.C.S.A. § 6301(a)(1)(i).[6] On December 20, 2006, he was sentenced to a

_____

[5] Indecent assault is codified as follows: "A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and: . . . (7) the complainant is less than 13 years of age . . . ." 18 PA.C.S.A. § 3126(a)(7).

[6] Corruption of Minors is defined as:

> (a) Offense defined.--
> (1) (i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 PA.C.S.A. § 6301(a)(1)(i).

period of confinement followed by a term of probation. Under the applicable version of Megan's Law at the time, 42 PA.C.S.A. § 9795.1(a), Fernandez was required to register as a sex offender for a period of ten years. Thereafter, Fernandez violated the terms of his supervision and was resentenced. After SORNA became effective, he was reclassified as a Tier III offender, and retroactively subjected to lifetime registration.

Deborah Jedrzej: On January 10, 2006, Jedrzej entered into a negotiated plea with the Commonwealth and pled *nolo contendere* to Indecent Assault, 18 PA.C.S.A. § 3126(a)(7), Corruption of Minors, 18 PA.C.S.A. § 6301(a)(1)(i), and Endangering the Welfare of Children, 18 PA.C.S.A. § 4304(a)(1).[7] Sentencing occurred on February 22, 2006, and she received a sentence of confinement followed by five years of probation. Under the applicable version of Megan's Law, 42 PA.C.S.A. § 9795.1(a), Jedrzej was required to register as a sex offender for a period of ten years for the Indecent Assault conviction. Following a violation of her probation, she was resentenced. Under SORNA, Jedrzej was reclassified requiring lifetime registration.

Joseph Lewis: Lewis entered into a negotiated plea of guilty to one count

---

[7] Endangering the Welfare of Children (EWOC) is defined as: "A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 PA.C.S.A. § 4304(a)(1).

each of Unlawful Contact with a Minor, 18 PA.C.S.A. § 6318(a)(1),[8] Statutory Sexual Assault, 18 PA.C.S.A. § 3122.1[9], and Corruption of Minors, 18 PA.C.S.A. § 6301(a)(1)(i), on April 21, 2010. Under the applicable version of Megan's Law, the Unlawful Contact with a Minor charge required him to register as a sex offender for ten years unless he was adjudged a sexually violent predator. After receipt of the report from the Sexual Offender Assessment Board ("SOAB"), the Commonwealth elected not to request a sexually violent predator hearing. He received a sentence of incarceration followed by five

_____

[8] Unlawful contact with a minor is defined as follows: "A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth: (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses)." 18 PA.C.S.A. § 6318(a)(1).

[9] Statutory Sexual Assault is defined as:

> **(a) Felony of the second degree.--**Except as provided in section 3121 (relating to rape), a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant to whom the person is not married who is under the age of 16 years and that person is either:
> (1) four years older but less than eight years older than the complainant; or
> (2) eight years older but less than 11 years older than the complainant.
> **(b) Felony of the first degree.--**A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not married to each other.

18 PA.C.S.A. § 3122.1.

years of probation. He later violated the terms of his probation and was resentenced. After the effective date of SORNA, he was reclassified to twenty-five years of registration.

Anthony Marano: Referred to as A.M. in the Superior Court docket,[10] Marano entered into a negotiated plea agreement on September 21, 2010, and pleaded *nolo contendere* to Indecent Assault, 18 PA.C.S.A. § 3126(a)(7), and Corruption of Minors, 18 PA.C.S.A. § 6301(a)(1)(i). He was sentenced the same day to confinement followed by nine years of probation. Marano was required to register as a sex offender for a period of ten years for the Indecent Assault conviction under the then-current version of Megan's Law. After receipt of the report from the SOAB, the Commonwealth elected not to request a sexually violent predator hearing. Thereafter, Marano violated the terms of his supervision and, on December 28, 2011, his probation was revoked and he was sentenced to additional periods of incarceration. Under SORNA, Marano was reclassified for lifetime registration.

_____

[10] On page eighteen of its substituted *en banc* appellate brief, the Commonwealth avers "A.M." is inappropriately listed in this appeal using his initials, and his full name, Anthony Marano, should be reflected on the docket. We too question the wisdom of shielding the name of a registered sexual offender during the appellate process, particularly since A.M. was an adult at the time of his crimes and his full name is listed on the trial court docket, sentencing order, and even his own Petition to Enforce Plea Agreement. However, when this issue was raised before the trial court, the Commonwealth stated it had no objection to the use of initials on the caption, and the trial court filed its decision of November 10, 2015, utilizing only the initials. The Commonwealth's concession before the trial court is not binding on the Superior Court, and we will refer to the Appellant as his name appears on the trial court docket.

Carl Corbin: On February 7, 2011, Corbin pled guilty to Indecent Assault, 18 PA.C.S.A. § 3126(a)(7), and Corruption of Minors, 18 PA.C.S.A. § 6301(a)(1)(i). Corbin was sentenced on May 9, 2011, to five years of probation. After receipt of the report from the SOAB, the Commonwealth elected not to request a sexually violent predator hearing. Therefore, Corbin was required under Megan's Law to register for a period of ten years, 42 PA.C.S.A. § 9795.1(a). Corbin violated the terms of his probation and was later resentenced to incarceration. Pursuant to the requirements of SORNA, Corbin was notified that he was reclassified for lifetime registration.

Willie Colbert: On April 9, 1997, Colbert entered into a negotiated guilty plea to one count of attempted rape, 18 PA.C.S.A. §§ 901 & 3121.[11] He was sentenced the same day to eleven and one-half to twenty-three months' confinement, followed by six years of probation. At the time of his guilty plea, Megan's Law did not apply to inchoate offenses, so Colbert was not directed to register as a sex offender. Eventually, Colbert violated the terms of his supervision, and was resentenced to further incarceration with an additional period of probation. After the effective date of SORNA, he was notified that he was reclassified to lifetime registration.

_____

[11] Pursuant to 18 PA.C.S.A. § 901, a person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime. Rape is defined as, inter alia: "[W]hen the person engages in sexual intercourse with a complainant: (1) By forcible compulsion . . . (5) Who suffers from a mental disability which renders the complainant incapable of consent. 18 PA.C.S.A. § 3121(a).

Albert Donnelly: Donnelly entered a negotiated guilty plea to Indecent Assault, 18 PA.C.S.A. § 3126(a)(7), and Endangering the Welfare of Children, 18 PA.C.S.A. § 4304(a)(1). At the time of the plea, Donnelly was required to register as a sex offender for a period of ten years due to the conviction of Indecent Assault, pursuant to the then-current version of Megan's Law, 42 PA.C.S.A. § 9795.1(a). After receipt of the report from the SOAB, the Commonwealth elected not to request a hearing to determine if Donnelly should have been classified as a sexually violent predator. Donnelly was initially sentenced to probation on the charges. After he violated the terms of his supervision, he was resentenced to incarceration.  Following the effective date of SORNA, he was notified that he was reclassified to lifetime registration.

Victor DeFelice: In May 2005, DeFelice entered into a negotiated plea agreement with the Commonwealth and pled guilty to Indecent Assault, 18 PA.C.S.A. § 3126(a)(7), and Corruption of Minors, 18 PA.C.S.A. § 6301(a)(1)(i). The Commonwealth *nolle prossed* the remaining charges, as it did in almost every one of these cases. After a hearing, the trial court ruled that the evidence did not support a finding that DeFelice be classified as a sexually violent predator; therefore, as a result of his conviction of Indecent Assault, he was required to register as a sex offender under Megan's Law for ten years. He received an initial sentence of confinement followed by five years of probation. After he violated the terms of his supervision, he was sentence to an additional period of probation.  Under SORNA, he was classified as a lifetime registrant.

April Greghini: On April 13, 2006, Greghini pled guilty to one count each of Corruption of Minors, 18 PA.C.S.A. § 6301(a)(1)(i), Endangering the Welfare of Children, 18 PA.C.S.A. § 4304(a)(1), and Sexual Exploitation of Children, 18 PA.C.S.A. § 6320(a).[12] Her sentence included incarceration followed by six years of consecutive probation. After receipt of the report from the SOAB, the Commonwealth elected not to request a hearing to determine if Greghini should have been classified as a sexually violent predator. Under the applicable version of Megan's Law, the conviction of Sexual Exploitation of Children required her to register as a sex offender for ten years. She subsequently violated the terms of her probation, and received a new sentence. Under SORNA, she was reclassified to twenty-five years of registration under 42 PA.C.S.A. § 9799.15 as a Tier II offender.

Tracey McKinney: On May 24, 2010, McKinney entered into a negotiated plea agreement with the Commonwealth whereby he pled *nolo contendere* to Indecent Assault, 18 PA.C.S.A. § 3126(a)(7). His initial sentence was for incarceration followed by three years of consecutive probation. At that time, he was required to register as a sex offender under Megan's Law for ten years. After receipt of the report from the SOAB, the Commonwealth elected not to request a sexually violent predator hearing. He later violated the terms of his

---

[12] Sexual exploitation of children is defined as follows: "A person commits the offense of sexual exploitation of children if he procures for another person a child under 18 years of age for the purpose of sexual exploitation." 18 PA.C.S.A. § 6320(a).

probation and was resentenced. After the effective date of SORNA, he was reclassified for lifetime registration.

Jose Melendez: Melendez pleaded guilty to Indecent Assault, 18 PA.C.S.A. § 3126(a)(7), which required him to register as a sex offender for ten years under Megan's Law, 42 PA.C.S.A. § 9795.1(a). His initial sentence was for probation, but he was found to have violated his supervision and was resentenced to confinement followed by a consecutive term of probation. Under SORNA, he was required to be a lifetime registrant.

Mariano Ortiz: On November 13, 2006, Ortiz entered a guilty plea to Indecent Assault, 18 PA.C.S.A. § 3126(a)(7).  Under the applicable version of Megan's Law, the Indecent Assault charge required him to register as a sex offender for ten years unless he was adjudged a sexually violent predator. After receipt of the report from the SOAB, the Commonwealth elected not to request a sexually violent predator hearing. He received a sentence of five years probation. He later violated the terms of his supervision and was resentenced to an additional period of probation. After the effective date of SORNA, he was reclassified as a lifetime registrant.

Robert Ned: Ned pleaded guilty on December 10, 2008, to one count of Indecent Assault, 18 PA.C.S.A. § 3126(a)(7), and Unlawful Restraint, 18 PA.C.S.A. § 2902(b).[13]  Under the applicable version of Megan's Law, the

_____

[13] Unlawful restraint is codified as follows: "Unlawful restraint of a minor where offender is not victim's parent -If the victim is a person under 18 years

Indecent Assault charge required him to register as a sex offender for ten years unless he was adjudged a sexually violent predator. After receipt of the report from the SOAB, the Commonwealth elected not to request a sexually violent predator hearing. He received a sentence of incarceration followed by ten years of probation. He later violated the terms of his probation and was resentenced to additional periods of imprisonment and probation. After the effective date of SORNA, he was notified that he was now subject to lifetime registration.

Michael Stanger: On December 14, 2010, Stanger pled guilty to Sexual Abuse of Children (child pornography), 18 PA.C.S.A. § 6312(d).[14] This crime, as a first offense, is graded as a felony of the third degree. 18 PA.C.S.A. § 6312(d.1). On March 22, 2011, he was sentenced to seven years of probation. At the time of the plea, Stanger was required to register as a sex offender for a period of ten years due to this conviction, pursuant to the then-current version of Megan's Law, 42 PA.C.S.A. § 9795.1(a). After receipt of the report from the SOAB, the Commonwealth elected not to request a hearing to determine if Stanger should have been classified as a sexually violent

_____

of age, a person who is not the victim's parent commits a felony of the second degree if he knowingly: (1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury; or (2) holds another in a condition of involuntary servitude." 18 PA.C.S.A. § 2902(b).

[14] Sexual abuse of children, as it relates to child pornography, is codified as follows: "Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense." 18 PA.C.S.A. § 6312(d).

predator. He later violated the terms of his probation and was resentenced to imprisonment followed by five years of probation. After the effective date of SORNA, he was notified that he was reclassified to fifteen years of registration.

Albert Wilson: On February 17, 2011, Wilson entered a plea of *nolo contendere* to Statutory Sexual Assault, 18 PA.C.S.A. § 3122.1. He was sentenced to a negotiated term of eleven and a half to twenty-three months' confinement followed by eight years of probation. At that time, he was not required to register as a sex offender under the applicable version of Megan's Law. Thereafter, Wilson violated the terms of his supervision and was resentenced to two to four years' incarceration followed by four years of probation. Under SORNA, he has been classified as a lifetime registrant.

Tyrek White: White entered a negotiated guilty plea to Indecent Assault, 18 PA.C.S.A. § 3126(a)(7), Corruption of Minors, 18 PA.C.S.A. § 6301(a)(1)(i), and Endangering the Welfare of Children, 18 PA.C.S.A. § 4304(a)(1). He was sentenced to probation, however, after he was found to have repeatedly violated the terms of his supervision, he was eventually resentenced to confinement followed by additional years of probation. Initially, the applicable version of Megan's Law, 42 PA.C.S.A. § 9795.1(a), required White to register as a sex offender for a period of ten years for the Indecent Assault conviction. Following the violation of his original term of probation, he was reclassified under SORNA as lifetime registration.

Albert Tilson: On June 27, 2011, Tilson entered a guilty plea to Indecent Assault, 18 PA.C.S.A. § 3126(a)(7), and was subsequently sentenced to

incarceration and three years of consecutive probation. The applicable version of Megan's Law, 42 PA.C.S.A. § 9795.1(a), required Tilson to register as a sex offender for a period of ten years. The Commonwealth waived the sexually violent predator assessment hearing after receiving the report from the SOAB. Tilson violated the terms of his supervision and was eventually resentenced to additional periods of incarceration and probation. When SORNA took effect, he was reclassified as a Tier III lifetime registrant.

Frank Garcia: Garcia pleaded guilty to Indecent Assault, 18 PA.C.S.A. § 3126(a)(7), and Endangering the Welfare of Children, 18 PA.C.S.A. § 4304(a)(1), on July 26, 2011. The applicable version of Megan's Law, 42 PA.C.S.A. § 9795.1(a), required Garcia to register as a sex offender for a period of ten years for the Indecent Assault conviction. After receipt of the report from the SOAB, the Commonwealth elected not to request a hearing to determine if Garcia should have been classified as a sexually violent predator. He was sentenced to incarceration on the Indecent Assault charge followed by a period of six years of probation on the EWOC charge. He later violated the terms of his supervision and was resentenced. After the effective date of SORNA, he was reclassified as a Tier III offender which includes lifetime registration.

Michael Lovelace: Lovelace entered into a negotiated plea agreement whereby he pled guilty to Indecent Assault, 18 PA.C.S.A. § 3126(a)(7), and

Indecent Exposure, 18 PA.C.S.A. § 3127(a).[15] He was sentenced to a period of confinement and a concurrent term of probation. The Commonwealth waived the sexually violent predator assessment hearing after receiving the report from the SOAB. Lovelace violated the terms of his supervision and was eventually resentenced to an additional period of probation. When SORNA took effect, he was reclassified as a Tier II registrant which requires registration for twenty-five years.

Appellants present a single question for our review: "Whether Appellants' plea agreements should be enforced with respect to the length or fact of sexual offender registration where they violate a condition of probation?" Appellants' Brief, at 2.

Briefly, we address our jurisdiction over this appeal. "[A]n appeal may be taken as of right from any final order . . . of a trial court." Pa.R.A.P. 341(a). We have traditionally recognized the trial court's jurisdiction over petitions to enforce plea agreements with respect to the terms of sexual offender registration requirements, and by extension, this Court's ability to review the court's resulting orders. *See Commonwealth v. Martinez*, 147 A.3d 517 (Pa. 2016); *Commonwealth v. Hainesworth*, 82 A.3d 444 (Pa. Super.

---

[15] Indecent exposure is defined as: "A person commits indecent exposure if that person exposes his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm." 18 PA.C.S.A. § 3127(a).

2013) (*en banc*); **Commonwealth v. Nase**, 104 A.3d 528 (Pa. Super. 2014).

Appellants filed petitions to enforce their plea agreements, and the trial court

denied these in subsequent orders. We see no reason to conclude **Muniz**

overruled our jurisdiction to review the decisions of trial courts to enforce plea

agreements, especially given **Martinez**.[16] Moreover, we may correct an illegal

sentence *sua sponte* so long as we maintain jurisdiction over the case. **See**

**Commonwealth v. Butler**, 173 A.3d 1212, 1214 (Pa. Super. 2017). Thus,

we find the case is properly before us.

The law on the enforcement of plea agreements is well established.

"Although a plea agreement occurs in a criminal context, it remains

contractual in nature and is to be analyzed under contract-law standards."

**Commonwealth v. Farabaugh**, 136 A.3d 995, 1001 (Pa. Super. 2016)

(citation omitted). "In determining whether a particular plea agreement has

been breached, we look to what the parties to this plea agreement reasonably

understood to be the terms of the agreement." **Hainesworth**, 82 A.3d at 447

(citation and internal quotation marks omitted). When the Commonwealth's

promise or agreement provides consideration for the defendant's acceptance

of the plea, the Commonwealth must fulfill that promise. **See Martinez**, 147

A.3d at 532.

---

[16] To the extent Appellants also challenge the application of **Commonwealth v. Demora**, 149 A.3d 330 (Pa. Super. 2016), this Court's decision in **Commonwealth v. McCullough**, 174 A.3d 1094 (Pa. Super. 2017) (*en banc*), explicitly recognized **Muniz** overruled **Demora**. **See id**., at 1096. Thus, we need not address that argument here.

Appellants challenge this Court's holding in **Partee**. Appellants assert that all parties to each plea agreement understood resentencing would be the consequence for a probation violation. Appellants indicate the stipulated facts show the Commonwealth withdrew charges requiring lengthier registration terms. Appellants argue **Partee** unjustly expands the holding in **Hainesworth** by releasing the Commonwealth from its agreement to collateral terms unaffected by resentencing. They conclude we must overrule **Partee**.

In its Rule 1925(a) opinion, the trial court explained that it relied solely on this Court's decision in **Partee** when it denied Appellants' petitions to enforce their plea agreements based on their violations of the terms of probation. **Partee**, in turn, is premised on an extension of the logic in **Hainesworth**. Therefore, we must examine how the **Muniz** decision affects these and related precedents.

In 2009, Hainesworth pled guilty to three counts of statutory sexual assault, three counts of indecent assault, and one count of criminal use of a communications facility. At the time he pled guilty, none of the above-listed crimes carried a sexual offender registration requirement. Thus, Hainesworth did not register as a sexual offender.

Thereafter, SORNA became effective in 2012. SORNA required sexual offender registration for additional crimes, including those for which Hainesworth remained on probation.

Hainesworth filed a motion seeking to preempt registration pursuant to SORNA, and the trial court entered an order stating Hainesworth was not

- 23 -

subject to reporting requirements, due to the contractual nature of his plea bargain. On appeal, an *en banc* panel of this Court affirmed the trial court's order, holding that non-registration was an express term of Hainesworth's plea bargain. The panel reasoned that Hainesworth relinquished meaningful rights in exchange for the Commonwealth's proposed terms, and fundamental fairness bound the Commonwealth to those terms.

In **Partee**, the appellant, in 2007, entered a no-contest plea to indecent assault of a person under the age of thirteen, corruption of minors, and endangering the welfare of children. At that time, Partee was subject to a ten-year sexual offender reporting requirement for those crimes under Megan's Law II. In 2010, the court found Partee in violation of his probation, and resentenced him.

SORNA became effective in 2012; SORNA increased the term for Partee's registration to twenty-five years. Partee sought enforcement of the ten-year reporting term from his initial plea bargain, arguing that it was an essential term of his plea bargain under the contract interpretation theory from **Hainesworth**.

A three-judge panel of this Court agreed that Partee's plea bargain was structured to avoid a lifetime reporting requirement. Nevertheless, the panel found that the reasoning used in **Hainesworth** was inapposite, as Partee had violated the terms of his probation. Instead, the panel ruled that Partee could not seek specific performance where he effectively rescinded the plea bargain by violating his probation.

Without mention of **Partee**, our Supreme Court, in 2016, adopted the **Hainesworth** Court's approach in **Martinez**. The **Martinez** Court agreed that plea agreements are contractual in nature, and that convicted offenders are entitled to specific performance of the registration terms in their plea agreements. Consequently, the Court rejected retroactive imposition of SORNA's sexual offender registration requirements on parties who accept and comply with a plea bargain.

**Hainesworth**, **Partee**, and **Martinez** preceded **Muniz**. In 2007, Muniz was convicted of two counts of indecent assault of a person under thirteen years of age. At that time, Muniz would have been required to register as a sexual offender for ten years. However, Muniz absconded before sentencing, and was not apprehended and sentenced until 2014. At sentencing, the court ordered Muniz to comply with lifetime sexual offender registration requirements under SORNA. This Court affirmed Muniz's judgment of sentence. Muniz sought allowance of appeal in our Supreme Court.

The Supreme Court granted allowance of appeal and examined the factors weighing in favor of finding SORNA punitive. Ultimately, the **Muniz** Court found the registration conditions of SORNA to be punitive. The Court held that retroactive application of SORNA's registration requirements constituted a violation of both the United States and Pennsylvania's constitutional provisions against *ex post facto* laws. Consequently, the Court deemed such retroactive applications unconstitutional and therefore invalid.

Finally, following the **Muniz** decision, the Supreme Court issued a *per curiam* order in **Commonwealth v. Reed**, 168 A.3d 132 (Pa. 2017). Reed contested the increase of his registration time under his plea bargain. The increase was due to retroactive application of SORNA requirements. A panel of this Court, pre-**Martinez** and **Muniz**, determined that Reed was not entitled to relief. This Court found that unlike the appellant in **Hainesworth**, Reed entered his guilty plea knowing that he could later be required to register as a sexual offender for life, depending on the finding of the Sexual Offender Assessment Board. Thus, our Court held the registration term was not a negotiated part of his plea bargain. The Supreme Court issued a *per curiam* order reversing that decision, based squarely on **Muniz**.

We find the facts of this case nearly identical to those in **Partee**. Appellants failed to comply with the sentencing requirements of their plea bargains, but still attempt to enforce the terms of these agreements. However, in **Muniz**, our Supreme Court held that the enhanced registration provisions of SORNA constitute punishment, and may not be applied retroactively. Therefore, the reclassifications of the Appellants after the effective date of SORNA cannot stand.

To the extent the Commonwealth claims Appellants failed to demonstrate their plea agreements precluded lifetime registration, **Muniz** renders such a demonstration unnecessary. Following **Muniz**, SORNA's sexual offender requirements may not be imposed retroactively on any defendant, regardless of whether the defendant accepted a plea bargain or was convicted

at trial. Even offenders who, like Appellants, were sentenced before SORNA became law, have since violated the terms of their probation, and have been resentenced, are not subject to retroactive application of SORNA's requirements.

The Pennsylvania Legislature has endeavored to solve the issue of how to treat these offenders by passing a law to replace the invalidated portions of SORNA. *See* 2018 Pa. Legis. Serv. Act 2018-29 (H.B. 1952) (approved June 12, 2018) ("Act 29"), amending Title 42 (Judicial Procedure) of the Pennsylvania Consolidated Statutes. Though Act 29 was enacted during the pendency of this appeal, it became effective immediately. In relevant part, its purpose is to eradicate the unlawful retroactive portions of SORNA proscribed in *Muniz*[17] and instead impose lower periods of registration for offenders who committed applicable crimes between April 22, 1996, and December 20, 2012. *See* 42 PA.C.S.A. § 9799.52. Rather than increasing Appellants' registration terms, the new law effectively places many of the listed crimes back in a ten-year registration category. *See* 42 PA.C.S.A. § 9799.55.

Nevertheless, this Court rightly noted in ***Commonwealth v. Horning***, ____ A.3d ____, 2018 WL 3372367 (Pa. Super., filed July 11, 2018), that SORNA

---

[17] "It is hereby declared to be the intention of the General Assembly to . . . (4) Address the Pennsylvania Supreme Court's decision in Commonwealth v. Muniz . . ., and the Pennsylvania Superior Court's decision in Commonwealth v. Butler . . . ." 42 PA.C.S.A. § 9799.51.

also enhanced registration conditions by adding requirements such as frequent in-person reporting and the publication of an offender's personal information online. The **Horning** panel aptly identified these additional obligations as noncompliant with **Muniz**.[18] Problematically, though it reduces the term of years for which these offenders must register, the new Act does not address these additional, more stringent conditions required under SORNA from those imposed under the earlier versions of Megan's Law.

However, the issue of the possible retroactive application of the legislature's new amendments to Appellants is not before us. The only issue raised by Appellants, and argued to the Court, was whether the reclassification under the then-existing version of SORNA, as applied to each Appellant, was lawful. Under **Muniz**, we hold that the more onerous registration requirements under these reclassifications are barred. Unless and until the Pennsylvania State Police attempt to again reclassify Appellants, this time under Act 29, and this new reclassification is challenged, this issue is not before the Court.[19]

_____

[18] To the extent the **Horning** Court remanded that case for further proceedings, we note that Horning committed his crimes when Megan's Law II was in effect, but was nevertheless informed he was subject to SORNA. As the **Horning** Court notes, **Muniz**'s invalidation of SORNA does not preclude Appellant from registration under Megan's Law on remand, though Megan's Law requirements were not initially imposed.

[19] The Pennsylvania State Police has substantive obligations under SORNA, including the enforcement and maintenance of the sexual offender registry. "[The] PSP has enforcement authority with regard to the requirements of

Consequently, we find **Muniz** abrogates **Partee**, and hold Appellants are not subject to SORNA's retroactive registration increases. Insofar as the trial court's order relies on **Partee**, we reverse. Appellants are instead subject to the original periods of sexual offender registration and conditions imposed at the time of their plea bargains, if applicable.[20]

Orders reversed. Jurisdiction relinquished.

President Judge Emeritus Bender, Judge Shogan, Judge Lazarus, Judge Olson, and Judge Dubow join the opinion.

Judge Bowes files a dissenting opinion.

Judge Moulton and Judge Solano did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/18

---

SORNA . . . ." **Konyk v. Pennsylvania State Police of Commonwealth of Pennsylvania**, 183 A.3d 981, 987 (Pa. 2018).

[20] To the extent Appellants' reporting requirements increased after their plea bargains under later versions of Megan's Law, prior to the imposition of SORNA, that issue has not been raised or briefed, and is consequently not before us.