J-A02033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOWARD JONES | : | |
| | : | |
| Appellant | : | No. 865 MDA 2018 |

Appeal from the Order Entered April 26, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003238-2002

BEFORE:  LAZARUS, J., DUBOW, J., and NICHOLS, J.

JUDGMENT ORDER BY NICHOLS, J.:　　　　**FILED: JANUARY 3, 2019**

Appellant Howard Jones appeals from the order denying his motion to enforce a plea agreement and preclude the application of an increased sexual offender registration period under the former version of the Sexual Offenders Registration and Notification and Act[1] (SORNA).  Appellant claims that (1) the trial court erred in concluding that a ten-year registration period under Megan's Law II[2] was not a material term of the plea agreement and (2) the application of SORNA's lifetime registration period would violate *ex post facto* principles.  We reverse.[3]

---

[1] 42 Pa.C.S. §§ 9799.10-9799.41 (subsequently amended Feb. 21, 2018).

[2] *See* 42 Pa.C.S. § 9795.1(a)(1) (expired).

[3] While this appeal was pending, Appellant received a letter from the Pennsylvania State Police indicating that he was no longer required to register

The relevant facts and procedures giving rise to this appeal are well known to the parties and need not be restated here. We briefly note that on March 23, 2017, Appellant filed a motion to enforce his 2003 plea agreement. On April 25, 2018, the trial court denied Appellant's motion.

Appellant timely appealed and complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion finding that Appellant failed to establish that a ten-year registration requirement was a material term of his plea. The court further concluded that Appellant waived a challenge to SORNA based on *ex post facto* principles.

Seven days after the trial court authored its Rule 1925(a) opinion, the Pennsylvania Supreme Court decided **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). The **Muniz** Court concluded that the registration requirements of SORNA were punitive in nature and that the retroactive application of SORNA to increase a sexual offender's term of registration violated *ex post facto* principles under the United States and Pennsylvania Constitutions.[4] **Muniz**, 164 A.3d at 1218, 1223.

_____

as a sexual offender. Appellant filed an unopposed application to discontinue this appeal. In light of our disposition, however, we deny Appellant's application as moot.

[4] The General Assembly subsequently amended SORNA. **See** 2018, Feb. 21, P.L. 27, No. 10 (Act 10). The amended version of SORNA clarifies that the registration requirements under Subchapter H apply to a defendant who committed an offense on or after its initial effective date of December 20, 2012. **See** 42 Pa.C.S. § 9799.11(c). Under Subchapter I, indecent assault–person less than thirteen years of age, when committed "on or after April 22, 1996, but before December 2012" requires the defendant to register for ten years. 42 Pa.C.S. § 9799.55(a).

Appellant presents the following questions for our review:

[1]. Whether the Trial Court Erred By Committing An Error Of Law Or An Abuse Of Discretion In Denying the Appellant's Motion to Enforce Plea Agreement and Retroactively Subjecting the Appellant to the Requirements of the Adam Walsh Act (SORNA), Depriving the Appellant the "benefits of the bargain" Provided in the Negotiated Plea Previously Entered into by the Appellant and the Commonwealth?

[2]. Whether The Trial Court Erred by Violating the Ex Post Facto Clauses of the United States and Pennsylvania Constitutions by Retroactively Applying the Requirements of the Adam Walsh Act (SORNA)?

Appellant's Brief at 5.

Following our review, and in light of *Muniz*, we conclude that SORNA's lifetime registration requirement does not apply to Appellant. *See Commonwealth v. Fernandez*, 195 A.3d 299, 310 (Pa. Super. 2018) (*en banc*). Because there are no further disputes regarding the Appellant's registration requirements, we reverse the trial court's order to the extent it found that Appellant was subject to SORNA.

Order reversed. Application to discontinue appeal denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/03/2019