J-A08008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAYNE MICHAEL WEBBER | : | |
| | : | |
| Appellant | : | No. 275 WDA 2018 |

Appeal from the Judgment of Sentence January 23, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003911-2017

BEFORE:  PANELLA, P.J., STABILE, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY PANELLA, P.J.:               **FILED MAY 23, 2019**

Wayne Michael Webber appeals from the judgment of sentence entered after the trial court found him guilty of failing to comply with sexual offender registration requirements under the Sex Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41 ("SORNA"). As the Commonwealth concedes Webber is entitled to relief on appeal, we reverse his conviction and vacate the judgment of sentence.[1]

Webber pled guilty to one count of aggravated indecent assault of a child and one count of corruption of minors in 2004. Under Megan's Law II, operative at the time, Webber was required to register as a sex offender for the rest of his life. Relevant to this appeal, the legislature replaced all previous

---

[1] We commend the Commonwealth's thorough exploration of possible issues in this appeal, which could serve as a model for ***Anders*** briefs.

versions of Megan's Law with SORNA effective December 20, 2012. Among other modifications, SORNA increased the registration requirements imposed on many offenders subject to its purview.

The Pennsylvania Supreme Court subsequently determined that SORNA's registration requirements constituted *de facto* punishment. **See Commonwealth v. Muniz**, 164 A.3d 1189, 1218 (Pa. 2017). Further, the Supreme Court concluded that retroactive application of SORNA's registration scheme violated the *ex post facto* clause of the United States Constitution. **See id**.

In March of 2017, the trial court convicted Webber of failing to comply with SORNA's registration requirements. Specifically, the court found that Webber's failure to register his change of address for three weeks after he moved violated 18 Pa.C.S.A. § 4915.1(a)(2).

The Commonwealth concedes Webber was convicted of failing to comply with SORNA's registration requirements. **See** Appellee's Brief, at 11 (noting none of the statutes Webber was charged with violating were in effect at the time of his guilty plea in 2004). The Commonwealth further acknowledges that "application of SORNA has the effect of inflicting greater punishment on [Webber] than the law in effect at the time he committed his crimes." **Id**. Therefore, it admits that Webber's conviction violates the *ex post facto* prohibition in the United States Constitution. **See id**., at 13.

We agree. SORNA's requirements cannot be lawfully imposed on Webber after *Muniz*. *See Commonwealth v. Fernandez*, 195 A.3d 299, 310 (Pa. Super. 2018) (*en banc*) ("Following *Muniz*, SORNA's sexual offender requirements may not be imposed retroactively on any defendant…); *see also Commonwealth v. Horning*, 193 A.3d 411, 416-417 (Pa. Super. 2018) (holding that application of SORNA's registration requirements to offender convicted of crimes committed in 2002 and 2004 would violate *ex post facto* clause of Pennsylvania Constitution). Further, pursuant to *Commonwealth v. Derhammer*, 173 A.3d 723, 729 (Pa. 2017), the Commonwealth could not convict Webber of failing to register under any version of Megan's Law. Finally, Webber could not have been convicted of failing to comply with 42 Pa.C.S.A. § 9799.55, as that statute was not passed until February 21, 2018 – nearly a year after his trial. Accordingly, we reverse his conviction for failing to comply with sexual offender registration requirements.

Conviction reversed. Judgment of sentence vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2019