J-S36013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                   : PENNSYLVANIA
                                                   :

v. :

RONALD WILLIAM NEETZ :

Appellant : No. 1606 MDA 2018

Appeal from the Judgment of Sentence Entered August 15, 2018
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000233-2015

BEFORE: PANELLA, P.J., SHOGAN, J., and PELLEGRINI[*], J.

MEMORANDUM BY PANELLA, P.J.: **FILED JULY 19, 2019**

Ronald William Neetz appeals from the judgment of sentence entered after a jury found him guilty of failing to comply with sexual offender registration requirements under the Sex Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41 ("SORNA"). As we conclude Neetz's sentence is illegal in light of ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), we reverse his conviction and vacate the judgment of sentence.

On December 17, 2015, Neetz was convicted of failure to comply with registration requirements. The trial court sentenced him to 3 to 6 years' imprisonment. After trial counsel filed an untimely Rule 1925(b) statement, a panel of this court found all of Neetz's issues on appeal waived and affirmed

_____

[*] Retired Senior Judge assigned to the Superior Court.

his judgment of sentence. *See Commonwealth v. Neetz*, 752 MDA 2016 (filed May 30, 2017) (unpublished memorandum).

On December 1, 2017, Neetz filed a *pro se* petition for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9542-9546 ("PCRA"). Through his petition, Neetz claimed trial counsel's ineffectiveness for failing to preserve his issues in a timely Rule 1925(b) statement. Additionally, Neetz claimed his sentence was unconstitutional because it relied upon mandatory minimum sentences. Following a hearing on August 15, 2018, the PCRA court agreed that Neetz's sentence was unconstitutional and resentenced him to 24 to 72 months' imprisonment. Further, the court reinstated Neetz's direct appeal rights. This timely appeal follows.

On appeal, Neetz contends his conviction was unconstitutional because it relied upon the retroactive application of SORNA in violation of our Supreme Court's holding in *Muniz*. Conversely, both the Commonwealth and the PCRA court argue that Neetz has waived this challenge on appeal by failing to raise it before the lower court. *See* Trial Court Opinion, 11/16/16, at 2; Commonwealth's Brief, at 7-8.

Generally, issues not raised before the trial court are waived for appellate review. *See* Pa.R.A.P. 302(a). However, "[a] challenge to the legality of a particular sentence may be reviewed by any court on direct appeal; it need not be preserved in the lower courts to be reviewable and may even be raised by an appellate court *sua sponte*." *Commonwealth v. Batts*, 163 A.3d 410, 434 (Pa. 2017) (citation omitted). The retroactive application

of SORNA has been held to implicate the legality of a sentence. **See**

***Commonwealth v. Greco***, 203 A.3d 1120, 1123 (Pa. Super. 2019).

Therefore, because Neetz's ***Muniz*** claim rests on the impermissible retroactive

application of SORNA, we may review this issue on appeal.

Sometime before 2012,[1] Neetz was convicted of a crime that required

him to register as a sex offender for the rest of his life pursuant to Megan's

Law III. Relevant to the instant appeal, the Pennsylvania legislature replaced

Megan's Law with SORNA, effective December 20, 2012. Among other

modifications, SORNA effectively increased the registration requirements of

many offenders subject to its rules.

Subsequently, our Supreme Court determined that SORNA's registration

requirements impermissibly constituted *de facto* punishment. **See**

---

[1] Strangely, the record does not contain the date of Neetz's initial conviction. As a result, Neetz filed an application for remand for further proceedings in the PCRA court. **See** Application for Remand, 3/11/19. The PCRA court and Commonwealth supported this motion. **See** Trial Court Opinion, 11/16/16, at 3; Commonwealth's Answer to Application for Remand, 3/19/19, at ¶ 2. However, a remand to include this information in the record is unnecessary. As discussed in more detail *infra*, ***Muniz*** held that the retroactive application of SORNA's registration requirements is unconstitutional. **See** 164 A.3d at 1218.  At Neetz's trial, both the Commonwealth and defense stipulated that Neetz was convicted and ordered to register pursuant to Megan's Law. **See** N.T., Jury Trial, 12/17/15, at 27. Further, a review of the publicly available criminal docket sheets indicates that Neetz was sentenced in 2007 for conduct occurring in 2006. **See** https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber= CP-13-CR-0000654-2006&dnh=TUkhPbIljb%2fug%2bhefCEHLg%3d%3d, retrieved 6/27/19. Under these circumstances, *any* application of SORNA's registration requirements on Neetz constitutes a retroactive application of SORNA. Because our decision resolves Neetz's appeal, we deny Neetz's "Application for Remand" as moot.

*Commonwealth v. Muniz*, 164 A.3d 1189, 1218 (Pa. 2017). Additionally, the Court held that retroactive application of SORNA's registration scheme violated the *ex post facto* clause of the United States Constitution. **See id**.

Neetz was convicted of failure to comply with registration requirements on December 17, 2015. Specifically, the trial court found that Neetz's failure to register his change of address within three days of moving violated 18 Pa.C.S.A. § 4915.1(a)(2). Therefore, Neetz's conviction stemmed from his violation of SORNA's registration requirements.

However, SORNA's requirements cannot be lawfully imposed on Neetz after **Muniz**. **See Commonwealth v. Wood**, ___ A.3d ___, 2019 WL 1595871, *6 (Pa. Super., filed April 15, 2019) (*en banc*) (holding "application of SORNA to sexual offenders for offenses committed before its effective date violates the *ex post facto* clauses of the United States and Pennsylvania Constitution[s]"); **see also Commonwealth v. Fernandez**, 195 A.3d 299, 310 (Pa. Super. 2018) (*en banc*) ("Following **Muniz**, SORNA's sexual offender requirements may not be imposed retroactively on any defendant"). Further, pursuant to **Commonwealth v. Derhammer**, 173 A.3d 723, 729 (Pa. 2017), the Commonwealth could not convict Neetz of failing to register under any version of Megan's Law. Finally, we conclude that Neetz could not have been convicted of failing to comply with 42 Pa.C.S.A. § 9799.55 as that statute was not passed until February 21, 2018 – more than two years after his trial. Accordingly, we reverse his conviction for failing to comply with sexual offender registration requirements.

Conviction reversed. Judgment of sentence vacated. Application for remand denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2019