J-S28038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS GENE MOOSE, JR. | : | |
| | : | |
| Appellant | : | No. 1897 MDA 2014 |

Appeal from the Order Dated October 17, 2014
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000798-1988

BEFORE:  BENDER, P.J.E., BOWES, J., and LAZARUS, J.

DISSENTING MEMORANDUM BY BOWES, J.:  **FILED: JANUARY 11, 2019**

I respectfully dissent.  I would hold that Appellant's petition must be treated as a PCRA petition, and, for the reasons discussed in ***Commonwealth v. Johnson***, --- A.3d ---, 2018 WL 6442321 (Pa.Super. December 10, 2018), I would find that Appellant's petition is untimely and fails to meet any exception to the time-bar.

In my view, ***Johnson*** is indistinguishable from this case.  Johnson, like Appellant herein, entered a guilty plea before any version of Megan's Law came into effect.  Johnson sought an order declaring him exempt from SORNA obligations.  We concluded that he was not entitled to relief:

> Procedurally, the instant case comes to this Court as a filing outside of the PCRA. However, Appellant's selected designation does not control. ***See Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa.Super. 2013) ("We agree that Appellant's writ of *habeas corpus* should be treated as a PCRA petition."). Hence, we must examine whether Appellant's request for relief must be treated as

a PCRA petition. The PCRA time limits are jurisdictional, and we therefore cannot address the merits of an untimely petition. *See Commonwealth v. Montgomery*, 181 A.3d 359, 365 (Pa.Super. 2018).

Our Supreme Court has stated that "claims that **could** be brought under the PCRA **must** be brought under that Act. No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA." *Commonwealth v. Hall*, 565 Pa. 92, 771 A.2d 1232, 1235 (2001) (emphasis in original). The instant claim, that *Muniz* applies retroactively, is clearly cognizable under the PCRA. *Rivera-Figueroa*; *Murphy*.

In an attempt to evade the timeliness requirements of the PCRA, Appellant specifically cited the line of cases seeking relief under a contractual theory, such as *Commonwealth v. Partee*, 86 A.3d 245 (Pa.Super. 2014). *Partee* held that such claims fall outside the PCRA as their theory of relief is predicated upon an attack that does not pertain to the criminal sentence itself. We explained that a motion seeking enforcement of a plea bargain is not within the scope of the PCRA:

> We note that the within petition is not an attack on Appellant's sentence, nor is he alleging that he is innocent of the offenses of which he was convicted. Appellant is not asserting that his conviction or sentence resulted from a violation of the Constitution, ineffective assistance of counsel, an unlawfully-induced plea, obstruction by government officials of his right to appeal, newly-discovered evidence, an illegal sentence, or a lack of jurisdiction. 42 Pa.C.S. § 9543(a)(2). In short, we agree with Appellant that his claim does not fall within the scope of the PCRA and should not be reviewed under the standard applicable to the dismissal of PCRA petitions.

*Id*. at 247. Thus, *Partee* concluded that such petitions were not subject to the PCRA time bar. The claim nonetheless failed on the merits, as Partee had violated the terms of his probation and was therefore not entitled to the benefit of his bargain.

Recently, this Court held in *Commonwealth v. Fernandez*, 195 A.3d 299 (Pa.Super. 2018) (*en banc*), that *Partee* has been

- 2 -

abrogated by **Muniz**, and therefore offenders may seek restoration of the sexual offender obligations that existed at the time of their plea even if the offender breached their bargain by violating the terms of probation. Here, however, the plea enforcement theory does not apply, as Appellant has no plea bargain to enforce: he entered a *nolo contendere* plea prior to the enactment of any sexual offender laws. By definition, the parties could not have contemplated non-registration as a term of the plea. We explained the applicable principles as follows:

> To summarize: (a) where a plea bargain is structured so the defendant will not have to register or report as a sex offender or he will have to register and report for a specific time; and (b) the defendant is not seeking to withdraw his plea but to enforce it, then the "collateral consequence" concept attributed generally to sex offender registration requirements does not trump enforcement of the plea bargain.

**Commonwealth v. Farabaugh**, 136 A.3d 995, 1002 (Pa.Super. 2016).

> Thus, we cannot apply **Muniz** *via* a plea enforcement theory, as the parties clearly could not structure the plea to accommodate law that did not exist.

**Id**. at *2-3 (emphases in original).

The Majority attempts to distinguish **Johnson** by noting that Johnson filed a petition for *habeas corpus* relief, whereas Appellant did not. **See** Majority Memorandum at 6 n.7. Yet, as noted in **Johnson**, the designation selected by Appellant does not control. Furthermore, while Johnson did not utter the phrase "I wish to enforce my plea agreement," he cited cases invoking that theory. Therefore, **Johnson** cannot be distinguished on this basis.

Having swept **Johnson** aside, the Majority next finds that Appellant has a plea bargain to enforce. Again, the Majority ignores that **Johnson** already rejected that proposition: "we cannot apply **Muniz** *via* a plea enforcement theory, **as the parties clearly could not structure the plea to accommodate law that did not exist**." ***Id***. at *3 (emphasis added). This statement is not *dicta*, as the critical question in **Johnson** was whether the pleading was a PCRA petition. If there were **any** question that Johnson had a plea bargain to enforce, the **Johnson** Court would have remanded for an evidentiary hearing. The fact **Johnson** did not do so has a simple explanation: "the parties clearly could not structure the plea to accommodate law that did not exist." ***Id***. Hence, there was no bargain to enforce as a matter of law. The same is true herein. However, compare the Majority's analysis of the exact same point:

> Further, we find unconvincing the suggestion that **Fernandez** is inapplicable because registration requirements did not exist at the time of Moose's plea and thus were not a consideration for him when he accepted the plea. We look to what Moose and the Commonwealth reasonably understood to be the terms of the plea agreement, and registration under SORNA was not a term. There was no Megan's Law applicable to Moose at the time he committed his offenses or entered his plea.

Majority Memorandum, at 5.

The Majority may well find that "suggestion" unconvincing, but it is not a suggestion, it is a holding, as explained *supra*. Furthermore, a lack of conviction in precedent is obviously no justification to ignore it.

- 4 -

The Majority's final attempt to avoid **Johnson** is to claim that Appellant is similarly-situated to two of the offenders at issue in the consolidated **Fernandez** cases. "[N]either Wilson nor Colbert pled guilty to crimes that, at the time, did not require any period of registration as sexual offenders." **Id**. at 4. That is true, but Wilson and Colbert pleaded guilty after 1996, the first time that a Megan's Law existed. **Fernandez**, **supra** at 306 ("On February 17, 2011, Wilson entered a plea of *nolo contendere*"); **id**. at 308 ("On April 9, 1997, Colbert entered into a negotiated guilty plea to one count of attempted rape").

It is self-evident that the inquiry regarding what terms are included in a plea agreement changes when the parties negotiated in light of laws actually on the books. What the Majority holds, as far as I can tell, is that the Commonwealth implicitly promised—and Appellant implicitly expected—that Appellant was entitled to future relief if the Legislature happened to pass a law that made Appellant register as a sex offender. Such an approach requires prosecutors to act as soothsayers when negotiating a plea.

Notwithstanding, there is much reason to doubt that our precedents in this area are correct. Indeed, I penned a footnote in **Johnson** expressing my belief that our decisions in this area have failed to grapple with the retroactivity issue. **Johnson**, **supra** at *3 n.5. Additionally, I filed a dissent in **Fernandez**, which the Majority heavily relies upon, that raised this precise problem. "Offenders who have no plea bargain to enforce or elected to go to

trial cannot take advantage of the Majority's theory, yet they too are serving unconstitutional sentences that the Majority posits 'cannot stand.'" *Fernandez*, *supra* at 313 n.4 (Bowes, J., dissenting).

I continue to adhere to the view that *Muniz* must retroactively apply in this context[1] to all offenders. Until our Court revisits the issue in the proper case, *Johnson* applies and Appellant is not entitled to relief. I therefore dissent.

_____

[1] I view the retroactivity of *Muniz* as encompassing two discrete inquiries. The first is whether offenders who were convicted of sexual offenses pre-SORNA are entitled to retroactive application of *Muniz* in the sense that such offenders are free from **ongoing** SORNA obligations. The answer to that question, in my view, is unquestionably yes; there is not a dime's worth of difference between offenders who pled guilty and those who went to trial with respect to the constitutionality of imposing *ex post facto* sentences. The second is whether *Muniz* is retroactive to the extent that offenders are entitled to relief from convictions stemming from failures to comply with SORNA obligations, which is an entirely distinct retroactivity problem.