J-S09041-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARL HOUSE, | : | |
| | : | |
| Appellant | : | No. 1372 WDA 2018 |

Appeal from the PCRA Order Entered September 12, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011199-2011

BEFORE:  PANELLA, P.J., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JULY 17, 2019**

Carl House (Appellant), appeals from the September 12, 2018 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Counsel has filed a petition to withdraw and a brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).[1]

---

[1] In this Court, counsel filed a brief comparable to that required for counsel seeking to withdraw on direct appeal pursuant to **Anders v. California,** 386 U.S. 738 (1967).

> A **Turner/Finley** no-merit letter, however, is the appropriate filing. **See Commonwealth v. Turner,** [544 A.2d 927 (Pa. 1988)]; **Commonwealth v. Finley,** [550 A.2d 213 (Pa. Super. 1988)] (en banc). Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter.

*(Footnote Continued Next Page)*

---

* Retired Senior Judge assigned to the Superior Court.

Upon review, we affirm the order of the PCRA court and grant counsel's petition to withdraw.

We provide the following background. On January 30, 2012, Appellant pleaded guilty to one count of indecent assault of a person less than 13 years of age and two counts of corruption of minors. The same day, the trial court sentenced Appellant to an aggregate term of five to ten months of incarceration, paroled forthwith, followed by six years of probation and ten years of sex offender registration. Following a hearing, the court designated Appellant a sexually violent predator (SVP). Order, 5/3/2013.

Subsequently, the trial court found Appellant violated his probationary terms by failing to comply with his treatment programs at Mercy Behavioral Health, insomuch as Appellant did not disclose information regarding his past conduct to the provider. *See* N.T., 6/3/2013, at 2, 4. As a result of the foregoing, on June 3, 2013, Appellant's probation was revoked and he was resentenced to an aggregate term of 18 to 36 months of incarceration, followed by three years of probation and lifetime sex offender registration.

In June 2018,[2] Appellant *pro se* filed the instant PCRA petition. Counsel was appointed, and he filed a *Turner/Finley* letter and petition to

_(Footnote Continued)_ ————————————
*Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (some citations omitted).

[2] Appellant's petition was dated June 2, 2018, and filed by the clerk of courts on June 11, 2018. However, based on the certified record before us, we cannot ascertain when Appellant delivered the petition to prison officials. *(Footnote Continued Next Page)*

- 2 -

withdraw on August 15, 2018 because Appellant's PCRA petition was time-barred. On August 20, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court also indicated that it would permit counsel to withdraw.[3] On September 10 2018, counsel for Appellant filed a response to the notice of intent to dismiss, alleging that Appellant has a meritorious claim outside of the PCRA based on *Commonwealth v. Fernandez*, 195 A.3d 299 (Pa Super. 2018) (*en banc*),[4] and therefore filed simultaneously a motion to enforce plea agreement to limit Appellant's sex offender

*(Footnote Continued)* ————————————

*See Commonwealth v. Little*, 716 A.2d 1287, 1288 (Pa. Super. 1998) (holding that the prisoner mailbox rule applies to PCRA petitions, meaning that date of delivery of the PCRA petition by the defendant to prison officials is considered the date of filing). Regardless of when the petition was delivered to prison officials between June 2 and June 11, 2018, it was untimely, and the precise delivery date does not affect our disposition.

[3] The PCRA court did not ultimately rule on counsel's petition to withdraw.

[4] In *Fernandez*, an *en banc* panel of this Court consolidated several appeals where the defendants were found to have violated the terms of their probation and were ordered to comply with new sex offender registration requirements under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.42. In doing so, the lower courts relied on *Commonwealth v. Partee*, 86 A.3d 245 (Pa. Super. 2014), which held that a defendant could not seek specific performance of his plea bargain where he effectively rescinded the bargain by violating the terms of his probation. After *Partee*, our Supreme Court held in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), that certain provisions of SORNA are punitive and retroactive application of those provisions violates the *ex post facto* clause of the Pennsylvania constitution. Applying *Muniz*, this Court held in *Fernandez* that *Muniz* abrogated the holding in *Partee*. As such, this Court concluded that "the trial court may not increase [defendants'] registration requirements under SORNA[,]" and "the original periods of sexual offender registration and conditions imposed in each case [were] reinstated." *Fernandez*, 195 A.3d at 301.

- 3 -

registration to the ten-year term imposed originally. On September 12, 2018, the PCRA court dismissed Appellant's PCRA petition because it was time-barred and ordered the Commonwealth to respond to Appellant's motion to enforce plea agreement within 30 days.[5]

This timely-filed appeal followed.[6] Before we may address the potential merit of Appellant's claim on appeal, we must determine if counsel has complied with the technical requirements of *Turner* and *Finley*.

> … *Turner/Finley* counsel must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner/Finley* request or an advocate's brief.

---

[5] The PCRA court's order dismissing Appellant's PCRA petition was a final order for purposes of appeal. Pa.R.Crim.P. 910. At the time of Appellant's filing of a notice of appeal from that order, his motion to enforce plea agreement was still pending. This pending motion did not alter the PCRA order's final or appealable nature.

[6] Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925.

- 4 -

> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner/Finley*, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

We are satisfied that counsel has complied with the technical requirements of *Turner* and *Finley*. Therefore, we will consider the substantive issue contained in counsel's brief.

In his brief, counsel raises a single potential question for this Court's review: whether the PCRA court erred in determining that Appellant's PCRA petition was untimely filed. *Turner/Finley* Brief at 2. We consider this claim mindful of the following.

Neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011). Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception.[7] 42 Pa.C.S. § 9545(b). Furthermore, a petition raising a

---

[7] There are three exceptions to the PCRA's time-bar.

*(Footnote Continued Next Page)*

timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Here, Appellant was resentenced on June 3, 2013. He did not file a post-sentence motion or direct appeal. Thus, his judgment of sentence became final 30 days later, on July 3, 2013, and he had one year, or until July 3, 2014, to file timely a PCRA petition. As such, Appellant's June 2018 PCRA petition is facially untimely, and he was required to plead and prove an exception to the timeliness requirements.

Appellant did not attempt to plead any timeliness exceptions in his *pro se* PCRA petition. In counsel's **Turner/Finley** brief to the PCRA court,

*(Footnote Continued)* ———————————
>     (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
>     (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
>     (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

- 6 -

counsel concluded that Appellant would be unable to prove any of the exceptions to the PCRA's time-bar. *Turner/Finley* Brief, 8/15/2018, at 8-9.

Upon review of the record, even if Appellant had attempted to plead any of the exceptions, he would be unable to prove an exception because they are all inapplicable to Appellant's situation. Specifically, there is no support for an allegation of governmental interference or newly-discovered facts. Moreover, insofar as Appellant may be attempting to invoke *Muniz, supra*, via *Fernandez, supra*, as the basis for a new constitutional right, neither the United States Supreme Court nor our Supreme Court has held that *Muniz* applies retroactively. As such, Appellant cannot rely on either case to meet the third timeliness exception. *See Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018) (concluding that because our Supreme Court has not held that *Muniz* applies retroactively, Murphy cannot rely on *Muniz* to meet the third timeliness exception).[8]

Based on the foregoing, we conclude that Appellant's petition was filed untimely, and he has not asserted an exception to the timeliness requirements. Thus, he is not entitled to relief. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of

---

[8] As in *Murphy*, this Court acknowledges that if the Pennsylvania Supreme Court declares *Muniz* retroactive, Appellant will have the opportunity to raise this issue pursuant to 42 Pa.C.S. § 9545(b)(1)(iii). *Murphy*, 180 A.3d at 406 n.1. Until that time, however, Appellant does not have a new right to assert.

establishing timeliness exception). Therefore, the PCRA court did not err by dismissing Appellant's petition because it was time-barred. Accordingly, we affirm the order of the PCRA court and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/2019