J-S10003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELISEO ORTIZ | : | |
| | : | |
| Appellant | : | No. 327 EDA 2018 |

Appeal from the Judgment of Sentence December 22, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006597-2015

BEFORE: GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                **FILED NOVEMBER 19, 2019**

Appellant, Eliseo Ortiz, appeals from the aggregate judgment of sentence of two to four years of confinement followed by ten years of probation, which was imposed after he pleaded *nolo contendere* to involuntary deviate sexual intercourse (IDSI) with a person less than 16 years of age and unlawful contact with a minor.[1]  For the reasons set forth below, we conclude that the retrospective application of sex offender registration under the Sex Offender Registration and Notification Act (SORNA)[2] violates our Supreme Court's ruling in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). Accordingly, we vacate in part the judgment of sentence and remand for resentencing.

_____

[1] 18 Pa.C.S. §§ 3123(a)(7) and 6318(a)(1), respectively.

[2] 42 Pa.C.S. §§ 9799.10-9799.42.

* Retired Senior Judge assigned to the Superior Court.

We previously summarized the factual and procedural history of this case as follows:

On May 14, 2015, Appellant was charged with rape, IDSI, unlawful contact with a minor and various other charges related to allegations concerning the sexual abuse of a minor female. On September 22, 2017, Appellant entered into a negotiated plea agreement and pleaded *nolo contendere* with respect to the IDSI and unlawful contact with a minor charges. Plea Agreement, 9/22/17. Pursuant to the agreement, the Commonwealth agreed to *nolle pros* the remaining charges and to recommend a sentence of two to four years of confinement followed by ten years of state-supervised sex offender probation. ***Id.***

At the September 22, 2017 hearing, Appellant stipulated to "the affidavit of probable cause, investigation paperwork and any other police paperwork along with any other records in the discovery packet as the basis for the plea…." N.T., 9/22/17, at 12. According to the affidavit of probable cause accompanying Appellant's arrest warrant, the complaining witness, a fourteen-year-old girl, stated that

> when she was in second grade (approx. 2005) she was sleeping with her sister and woke to [Appellant] touching her vagina. The [complaining witness] further stated that [Appellant] carried [the complaining witness] to his room and while there put his mouth on and in the [complaining witness's] vagina. The [complaining witness] stated that during another incident… [she] again awoke to [Appellant] sticking his finger in the [complaining witness's] vagina, moving [his] finger in and out of her vagina. The [complaining witness] stated that [Appellant] exposed his penis to [her] and that [the] incidents stopped when the [complaining witness] was in the second grade (approx. 2007).

Affidavit of Probable Cause, 5/14/15.

On December 22, 2017, the trial court sentenced Appellant to the terms of confinement and probation as set forth in the plea agreement. Sentencing Order, 12/22/17. At the sentencing hearing, Appellant was advised that he would be permitted to file a post-sentence motion to withdraw his guilty plea within ten days of the sentence. N.T., 12/22/17, at 9. Appellant did not file a post-sentence motion within ten days of the date of sentencing.

> On January 18, 2018, Appellant filed this timely direct appeal from the judgment of sentence.

*Commonwealth v. Ortiz*, No. 327 EDA 2018, unpublished memorandum at 2-3 (Pa. Super. filed April 23, 2019) (footnotes omitted). Subsequent to the filing of the appeal, Appellant's counsel filed a petition to withdraw and *Anders*[3] brief with this Court and contemporaneously sent a letter to Appellant informing him that he may retain new counsel or proceed *pro se* in this appeal.

On April 23, 2019, this Court issued a memorandum decision denying the petition to withdraw. We first concluded that Appellant's counsel had complied with the procedural requirements for withdrawal and that the issue raised by counsel in the *Anders* brief regarding whether Appellant's waiver of his right to trial was knowing, voluntary, and intelligent was wholly frivolous. *Id.* at 6-10. However, as part of our independent review of the record, we discovered an additional issue of arguable merit related to the application of SORNA registration requirements to Appellant even though Appellant's crimes were committed prior to SORNA's effective date. *Id.* at 10-13. In light of this potentially meritorious issue, we directed Appellant's counsel's to file an advocate's brief or new *Anders* brief within thirty days. *Id.* at 13.

Counsel subsequently filed an advocate's brief on behalf of Appellant raising the following issue:

---

[3] *Anders v. California*, 386 U.S. 738 (1967).

- 3 -

Is Appellant's sentence in error, as it involves the retrospective application of the registration and reporting obligations of SORNA, 42 Pa.C.S. [§]§ 9799.10-9799.42, which has been found unconstitutional by the Pennsylvania Supreme Court[?]

Appellant's Brief at 2. Appellant argues that, because his crimes occurred prior to the effective date of SORNA on December 20, 2012, the trial court was required to impose sex offender reporting requirements in accordance with the prior statute, Megan's Law III.[4] While Appellant recognizes that he would be subject to lifetime sex offender registration under either Megan's Law III or SORNA, he argues that the stricter reporting and registration requirements under SORNA constitute a greater punishment than was applicable under Megan's Law III, violating the *ex post facto* clauses of the United States and Pennsylvania Constitutions. In its responsive brief, the Commonwealth concurs that the trial court violated **Muniz** by applying the lifetime registration requirements of SORNA to conduct occurring prior to the statute's effective date.

We agree with Appellant that the imposition of sex offender registration under SORNA for conduct that occurred prior to the date that law went into effect violated the *ex post facto* clauses of the U.S. and Pennsylvania Constitutions. SORNA went into effect on December 20, 2012, replacing the existing sexual offender registration statute, Megan's Law III. **See** 42 Pa.C.S. § 9799.41; **Muniz**, 164 A.3d at 1204 (discussing statutory history). Among the changes of SORNA was that the statute classified offenders into three tiers

---

[4] 42 Pa.C.S. §§ 9791-9799.9 (expired).

based on the severity of the offense committed with different registration periods and in-person reporting requirements for each tier. *See* 42 Pa.C.S. § 9799.15; *Muniz*, 164 A.3d at 1206-07. Under either SORNA or Megan's Law III, an offender convicted of IDSI, such as Appellant, would be subject to lifetime registration. *Compare* 42 Pa.C.S. § 9795.1(b)(2) (expired) *with* 42 Pa.C.S. §§ 9799.14(d)(4), 9799.15(a)(3). However, lifetime registration as a Tier III offender under SORNA includes stricter registration and reporting requirements compared to lifetime registration under Megan's Law III, including the addition of quarterly in-person reporting regardless of whether the offender changes his address or employment. *Compare* 42 Pa.C.S. §§ 9799.15, 9799.16 *with* 42 Pa.C.S. § 9795.2 (expired); *see also Muniz*, 164 A.3d at 1207-08.

In *Muniz*, the defendant was convicted in 2007 of indecent assault of a person less than 13 years of age, but absconded and was not ultimately apprehended and sentenced until 2014. 164 A.3d at 1193. The sentencing court imposed Tier III lifetime registration under SORNA, whereas Megan's Law III, which was in effect at the time of conviction, only required registration for a ten-year period. *Id.* The defendant appealed, arguing that the application of SORNA to an individual who committed crimes prior to the enactment of that statute was an unconstitutional *ex post facto* punishment. After a thorough review of SORNA's regulatory structure as compared to its predecessor statute, our Supreme Court agreed that SORNA was punitive in effect despite its expressed civil intent. *Id.* at 1218. In analyzing the

registration requirements of SORNA as compared to its predecessor statute, the Court held that the additional registration and reporting requirements of SORNA, including the quarterly in-person reporting requirements for Tier III offenders, constituted a greater punishment than would have been imposed prior to the enactment of that statute. *Id.* at 1210-11. The Court therefore determined that the retroactive application of SORNA to crimes committed prior to the enactment of the statute violates the *ex post facto* clauses of both the United States and Pennsylvania constitutions. *Id.* at 1218, 1223.[5]

Subsequently, in **Commonwealth v. Horning**, 193 A.3d 411 (Pa. Super. 2018), a defendant who pleaded guilty in 2017 to multiple counts of IDSI and rape committed between 2002 and 2004, when Megan's Law III was in effect, appealed from the imposition of lifetime registration as a Tier III offender under SORNA. *Id.* at 413-14. A panel of this Court concluded that, even though the crimes the defendant committed required the imposition of lifetime registration under both SORNA and Megan's Law III, SORNA imposed heightened reporting requirements, including quarterly in-person reporting, that constituted greater punishment than the prior law and thus ran afoul of **Muniz**. *Id.* at 416-17; **see also Commonwealth v. Fernandez**, 195 A.3d 299, 310 (Pa. Super. 2018) (*en banc*). In addition, we rejected the

---

[5] Though Justice Dougherty's lead opinion in **Muniz** was only joined in full by two other justices, Justice Wecht in his concurrence, joined by Justice Todd, agreed with the holding of the lead opinion that retrospective application of SORNA violates the *ex post facto* clauses. 164 A.3d at 1232-33 (Wecht, J., concurring).

Commonwealth's argument that *Muniz* was inapplicable because the guilty plea and sentence occurred after SORNA became effective, holding that the relevant date for determining whether the application of SORNA violates the *ex post facto* clauses is the date of the commission of the offense, not the date of conviction. *Horning*, 193 A.3d at 417; *see also Commonwealth v. Wood*, 208 A.3d 131, 136 (Pa. Super. 2019) (*en banc*).

According to the affidavit of probable cause accompanying Appellant's arrest warrant, Appellant committed his offenses between 2005 and 2007,[6] prior to the effective date of SORNA. At the plea hearing, the assistant district attorney recognized that SORNA was not applicable to Appellant based on the recently decided *Muniz* decision. N.T., 9/22/17, at 12-13. However, at the sentencing hearing, Appellant was notified orally and in writing that he was required to register as a Tier III offender and would have to comply with the SORNA reporting requirements applicable to Tier III offenders, including in-person quarterly reporting to the Pennsylvania State Police. Notice of Registration Requirements Form, 12/22/17; N.T., 12/22/17, at 7-8. In addition, the sentencing order stated that Appellant would be required to

---

[6] We recognize that there appears to be a typographical error in the affidavit of probable cause as it states that the abusive conduct began in approximately 2005 when the complaining witness "was in second grade" and ended in approximately 2007 when the witness "was in second grade." Affidavit of Probable Cause, 5/14/15. This error does not affect our conclusion that SORNA requirements were improperly imposed upon Appellant for conduct occurring before its effective date in 2012.

"register with the State Police [as a lifetime registrant] and comply with all Tier III requirements." Sentencing Order, 12/22/17.

As explained in *Muniz* and *Horning*, though SORNA did not increase the reporting period for Appellant's IDSI conviction from Megan's Law III, the imposition of the heightened reporting requirements of SORNA on Appellant constitute greater punishment than the prior law and thus violate the *ex post facto* clauses of the United States and Pennsylvania constitutions. *Muniz*, 164 A.3d at 1210-11, 1218, 1223; *Horning*, 193 A.3d at 416-17. We accordingly vacate the portion of Appellant's judgment of sentence that required him to register as a Tier III offender under SORNA and remand for resentencing.

In its brief, the Commonwealth asserts that it does not oppose a limited remand to allow the trial court to impose sex offender registration requirements pursuant to Subchapter I of the Sentencing Code, known as SORNA II.[7] We agree with the Commonwealth that SORNA II is applicable to Appellant upon resentencing. SORNA II was enacted by the General Assembly in 2018 to address our Supreme Court's decision in *Muniz* and applies to sex offender reporting requirements applicable to offenders convicted of sex offenses after Megan's Law I went into effect on April 22, 1996 but prior to the effective date of SORNA.[8] 42 Pa.C.S. §§ 9799.51(b)(4), 9799.52(1),

---

[7] 42 Pa.C.S. §§ 9799.51-9799.75.

[8] In 2018, the General Assembly also addressed the *Muniz* decision by amending SORNA to only make it applicable to offenses committed

- 8 -

9799.55; *see also Commonwealth v. Bricker*, 198 A.3d 371, 375-76 (Pa. Super. 2018).  In *Commonwealth v. Moore*, ___ A.3d ___, 2019 PA Super 320 (filed Oct. 23, 2019), this Court ruled that the retrospective application of Section 9799.63 of SORNA II, 42 Pa.C.S. § 9799.63, which requires the dissemination of information regarding sexual offenders on a Pennsylvania State Police website, violates the federal *ex post facto* clause in light of *Muniz*. *Moore*, 2019 PA Super 320, *21.  However, the Court held that Section 9799.63 was severable from SORNA II and that the remainder of the SORNA II registration and reporting requirements for pre-SORNA offenders remained in effect.  *Id.* at *21-*22.

SORNA requirements vacated.  Judgment of sentence affirmed in all other respects.  Case remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/19

---

after SORNA's effective date of December 20, 2012.  **See** 42 Pa.C.S. § 9799.11(c).