J-S30020-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID M. KING | : | |
| | : | |
| Appellant | : | No. 1685 WDA 2019 |

Appeal from the PCRA Order Entered October 21, 2019
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000826-2011

BEFORE:   MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:                FILED OCTOBER 22, 2020

David M. King appeals pro se from the order treating his petition for relief as a Post Conviction Relief Act ("PCRA") petition and dismissing it as untimely. See 42 Pa.C.S.A. §§ 9541-9546. King's petition raised an ineffectiveness claim and argued that he should be subject to a ten-year registration period as part of his plea agreement. We conclude the trial court erred in finding it lacked jurisdiction to entertain the challenge to the registration term. We therefore vacate and remand.

King entered a negotiated plea of guilty in February 2012, to one count of possession of child pornography, graded as a felony of the third degree. See 18 Pa.C.S.A. § 6312(d). The court sentenced King on May 7, 2012, to six to 23 months' incarceration, with automatic parole after six months. See

_____

[*] Former Justice specially assigned to the Superior Court.

Commonwealth v. King, No. 1454 WDA 2015, unpublished memorandum at *1 (Pa.Super. filed Nov. 29, 2016). King did not file a direct appeal.

After several PCRA proceedings, King filed the instant petition pro se on September 19, 2019. King argued that his plea agreement only included a ten-year registration period under Megan's Law, See 42 Pa.C.S.A. § 9795.1(a)(1)(expired), and the Commonwealth had breached the agreement in November 2012 by telling him he had to comply with the Sex Offender Registration and Notification Act ("SORNA") and register for 15 years.[1] King thus claimed his sentence was illegal under Santobello v. New York, 404 U.S. 257 (1971). PCRA Pet., 9/19/19, at 4. King asserted the petition was timely because he was challenging the legality of his sentence, a non-waiveable issue. King also alleged his counsel on his first PCRA petition violated his due process rights by coercing him to withdraw his first PCRA petition, rather than pursue his illegal-sentence claim. He argued that counsel's ineffectiveness rendered his petition timely because counsel's actions foreclosed his right to appellate review and constituted ineffectiveness per se.

The lower court gave King notice of its intention to dismiss his petition without a hearing. See Pa.R.Crim.P. 907. King submitted a response, and the court dismissed the petition as untimely under the PCRA. The court found the petition was untimely under the PCRA because King did not file it within one

_____

[1] See 42 Pa.C.S.A. §§ 9799.14(b)(9), eff. Dec. 20, 2012; 9799.15(a)(1), eff. Dec. 20, 2012.

year after his judgment of sentence became final and failed to demonstrate that his claims fell within the three exceptions to the one-year time-bar. Order, 10/21/19, at 1-2. The Court further found that Davis was ineligible for PCRA relief under 42 Pa.C.S.A. § 9543(a)(1), because he is no longer serving a sentence. Id. at 1.

King filed a notice of appeal. The issues he presents are as follows:

I. Did the PCRA court err when it dismissed Mr. King's subsequent PCRA petition where it was clear that a challenge to the jurisdiction of that court was questioned since the plea/sentence/conviction is unconstitutional as it violated the procedures of Santobello v. New York[,] 404 U.S. 257 (1971).

II. As a matter of first impression, has Mr. King's due process protections under the Fourteenth Amendment been violated where he was denied a first PCRA petition proceeding where counsel coerced him to withdraw such petition, thus forgoing his opportunity to assert that there was a breach in the initial plea, violating clearly established United States Supreme Court precedent?

III. As a matter of first impression, is Mr. King's serving a sentence under [SORNA], which imposed conditions for the registrants of Megan's Law, all of which mirror incarceration/probation & parole, thus giving Mr. King the right to fundamental fairness under the Due Process Clause of the Fourteenth Amendment to pursue an appeal challenging the validity of his sentence[?]

King's Br. at 4 (some capitalization and commas omitted, and spacing added).

To the extent King requested relief properly sought under the PCRA, the lower court was correct that it did not have jurisdiction to grant relief, as King's petition is untimely under the PCRA. See 42 Pa.C.S.A. § 9545(b)(1) (providing petitioner must file PCRA petition within one year of the date the judgment of sentence becomes final, unless an exception applies); Commonwealth v.

Bankhead, 217 A.3d 1245, 1247 (Pa.Super. 2019) (stating PCRA's time requirements are a jurisdictional prerequisite to relief). King filed his petition in 2019, approximately seven years after his 2012 judgment of sentence became final.[2] King bore the burden of establishing timeliness under the PCRA. His arguments that his claim was reviewable because it goes to the legality of his sentence, and because his PCRA counsel was, in his view, ineffective per se, do not satisfy any of the three statutory exceptions to the PCRA's one-year time-bar. See Commonwealth v. Fahy, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); 42 Pa.C.S.A. § 9545(b)(2) (providing that a petition invoking an exception to the time-bar must be filed within one year of when it first may have been presented).

However, King's challenge to his sex offender registration was not subject to the PCRA's time restrictions. See Commonwealth v. Lacombe, No. 35 MAP 2018, 2020 WL 4148262, at *10 (Pa. July 21, 2020) (concluding PCRA is not exclusive means for challenging sex offender registration statutes, such that petition there was not subject to PCRA's time restrictions); see also Commonwealth v. Duncan, No. 1308 MDA 2019, 2020 WL 4781359, at *3

_____

[2] See 42 Pa.C.S.A. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

(Pa.Super. 2020). The Supreme Court has thus affirmed the grant of relief on a challenge to an increase of registration term styled as a "Petition to Enforce Plea Agreement or for a Writ of Habeas Corpus," where a PCRA petition would have been untimely. See Commonwealth v. Martinez, 147 A.3d 517, 532-33 (Pa. 2016).[3]

Here, the lower court dismissed King's entire petition as untimely under the PCRA. It did not reach the question of whether King's plea agreement was structured to include a ten-year registration period, or whether the Commonwealth has breached the terms of the plea agreement. See Commonwealth v. Hainesworth, 82 A.3d 444, 447 (Pa.Super. 2013) (en banc) (reciting standard of review for whether a plea agreement has been breached). Additionally, the Commonwealth has not responded to King's claim that his plea agreement included a ten-year registration term. We therefore remand for the trial court to consider this claim in the first instance. The trial court should also consider the effect of any changes in law. See, e.g., 42 Pa.C.S.A. § 9799.55(a)(1)(i)(A).

_____

[3] See also Duncan, 2020 WL 4781359, at *3 (holding trial court erred in treating defendant's "petition for writ of error coram nobis," in which defendant alleged his plea agreement did not include sex offender registration, as PCRA petition); Commonwealth v. Kerns, 220 A.3d 607, 612-15 (Pa.Super. 2019) (holding trial court erred in treating petition to enforce registration portion of plea agreement as PCRA petition, despite that it was styled as PCRA petition); Commonwealth v. Partee, 86 A.3d 245, 247 (Pa.Super. 2014) (holding trial court erred in treating "petition for habeas corpus and/or seeking enforcement of a plea agreement," in which petitioner sought to enforce ten-year registration requirement under plea agreement, as PCRA petition), abrogated on other grounds as recognized by Commonwealth v. Fernandez, 195 A.3d 299, 301 (Pa.Super. 2018).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2020