J-S03026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL EUGENE HOUSE A/K/A SAMUEL HOUSE | : | |
| | : | |
| | : | No. 968 WDA 2020 |
| Appellant | : | |

Appeal from the Order Entered September 14, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011199-2011

BEFORE:  DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED:  April 22, 2021**

Carl Eugene House a/k/a Samuel House (Appellant) appeals from the order denying his "amended motion to enforce plea agreement" (Motion to enforce plea).  In accordance with our decisions in ***Commonwealth v. Fernandez***, 195 A.3d 299 (Pa. Super. 2018) (*en banc*), and ***Commonwealth v. Moose***, 2021 Pa. Super. 2 (Pa. Super. Jan. 4, 2021) (*en banc*), we reverse and remand.

In August 2011, the Commonwealth charged Appellant with one count of indecent assault of a person less than 13 years of age, and two counts of

_____

[*] Retired Senior Judge assigned to the Superior Court.

corruption of minors.[1]  Pertinent to this appeal, Appellant and the Commonwealth entered into a negotiated plea agreement.  At Appellant's sentencing hearing, the prosecutor explained the plea agreement:

> There is a plea agreement, Your Honor, to – [Appellant] has a period of time served already in [jail].  That would be the standard range [sentence], then an additional period of probation to be set by the court.  [Appellant] would also have to be under the conditions of Megan's Law for the next **ten years**.[2]

N.T., 1/30/12, at 2-3 (emphasis and footnote added).  The trial court colloquied Appellant about his understanding of the 10-year registration obligation.[3]  **Id.** at 6; **see also id.** (inquiring whether Appellant had been promised anything other than, inter alia, "the requirement that you register as a Megan's Law offender for a period of ten years").

The trial court accepted Appellant's guilty plea to one count of indecent assault and two counts of corruption of minors.  The court sentenced Appellant to 5 to 10 months of incarceration (with immediate parole), plus 3 years' probation.  The sentencing order, pursuant to the plea agreement, also

---

[1] **See** 18 Pa.C.S.A. §§ 3126(a)(7), 6301(a)(1)(ii).  The Commonwealth alleged Appellant sexually assaulted a minor over a two-year period.

[2] Appellant's registration requirement was mandated by former 42 Pa.C.S.A. § 9795.1(a)(3) (expired), which was then in effect.  Megan's Law was replaced in December 2012 by the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10 – 9799.42.

[3] Appellant also signed a written Megan's Law colloquy, which specified that Appellant's sex offender registration period would be 10 years — as opposed to Appellant's lifetime.

required Appellant to register as a sex offender for 10 years. Appellant waived a presentence SVP assessment, and the trial court subsequently determined that Appellant met the requirements for classification as a sexually violent predator (SVP). Order, 5/3/13. Appellant did not appeal.

A prior panel of this Court summarized the procedural history that followed:

> [In June 2013], the trial court found Appellant violated his probationary terms by failing to comply with his treatment programs at Mercy Behavioral Health, insomuch as Appellant did not disclose information regarding his past conduct to the provider. **See** N.T., 6/3/13, at 2, 4. As a result of the foregoing, on June 3, 2013, Appellant's probation was revoked and he was resentenced to an aggregate term of 18 to 36 months of incarceration, followed by three years of probation and **lifetime sex offender registration.** [Appellant did not appeal his sentence.]
>
> In June 2018, Appellant *pro se* filed a [Post Conviction Relief Act (PCRA)] petition. **See** 42 Pa.C.S.A. §§ 9541-9546.] Counsel was appointed, and he filed a **Turner**/**Finley**[4] letter and petition to withdraw on August 15, 2018, [asserting that] Appellant's PCRA petition was time-barred. On August 20, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court also indicated that it would permit counsel to withdraw. On September 10, 2018, counsel for Appellant filed a response to the notice of intent to dismiss, alleging that Appellant has a meritorious claim outside of the PCRA based on **Fernandez**, **supra**,FN4 and therefore, [counsel] filed simultaneously a motion to enforce plea agreement to limit Appellant's sex offender registration to the ten-year term imposed originally. On September 12, 2018, the PCRA court dismissed Appellant's PCRA petition because it was time-barred[. **See** 42 Pa.C.S.A. § 9545(b)(1) (providing that any PCRA petition must be filed within one year of the date the judgment of sentence becomes final)].

---

4 **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

FN4 In *Fernandez*, an *en banc* panel of this Court consolidated several appeals where the defendants were found to have violated the terms of their probation and were ordered to comply with new sex offender registration requirements under [SORNA]. In doing so, the lower courts relied on **Commonwealth v. Partee**, 86 A.3d 245 (Pa. Super. 2014), which held that a defendant could not seek specific performance of his plea bargain where he effectively rescinded the bargain by violating the terms of his probation. After **Partee**, our Supreme Court held in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), that certain provisions of SORNA are punitive and retroactive application of those provisions violates the *ex post facto* clause of the Pennsylvania constitution. Applying **Muniz**, this Court held in **Fernandez** that **Muniz** abrogated the holding in **Partee**. As such, this Court concluded that "the trial court may not increase [defendants'] registration requirements under SORNA[,]" and "the original periods of sexual offender registration and conditions imposed in each case [were] reinstated." **Fernandez**, 195 A.3d at 301.

**Commonwealth v. House**, 220 A.3d 662 (Pa. Super. 2019) (unpublished memorandum at **2-3) ("**House I**") (emphasis added and citations modified). The **House I** panel affirmed the PCRA court's dismissal of Appellant's petition, concluding it was untimely and did not meet any exceptions to the PCRA's time bar, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). **House I**, **supra**, at **6-7; **see also id.** at *7 ("insofar as Appellant may be attempting to invoke **Muniz**, **supra**, via **Fernandez**, **supra**, as the basis for a new constitutional right[, *i.e.*, one of the PCRA exceptions], neither the United States Supreme Court nor our Supreme Court has held that **Muniz** applies retroactively.").

On August 9, 2020, Appellant, through counsel, filed the aforementioned Motion to enforce plea, which gave rise to this appeal. Appellant asserted:

Requiring [Appellant] to register . . . as a sex offender, for a period in excess of the plea agreement, constitutes a violation of that agreement for which [Appellant] seeks and is entitled to specific performance requiring the Commonwealth . . . to comply with the provisions of said agreement.[FN3]

> [FN3] **See Commonwealth v. Nase**, 104 A.3d 528 (Pa. Super. 2014) (defendant not required to register for period longer than that set forth in plea agreement); **Commonwealth v. Hainesworth**, 82 A.3d 444, 447-50 (Pa. Super. 2013) (*en banc*) (same). **See also Commonwealth v. LaCombe**, 234 A.3d 602, 617 (Pa. 2020) ("This Court has not yet required that sexual offender registration statutes be challenged through the PCRA or some other procedural mechanism. Indeed, we have consistently decided . . . challenge[s] via different types of filings."); **Commonwealth v. Martinez**, 147 A.3d 517, 523 (Pa. 2016) (successful challenge to increase of registration term through "Petition to Enforce Plea Agreement or for a Writ of *Habeas Corpus*" where PCRA petition would have been untimely").

Motion to enforce plea, 8/9/20, at 3 (unnumbered) (citations modified).

By order entered September 14, 2020, the trial court denied the Motion to enforce plea. Appellant timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant now raises 2 issues for our review, which we will address simultaneously:

1. Whether the Court of Common Pleas erred in denying enforcement of the guilty plea agreement in this matter limiting registration and [Appellant's] other obligations under sex offender registration law to 10 years?

2. Whether the Court of Common Pleas' construction/interpretation of the terms of the plea agreement is erroneous as inconsistent with **Commonwealth v. Martinez**, 637 Pa. 208, 147 A.3d 517 (2016)?

- 5 -

Appellant's Brief at 2.

Initially, we must determine whether the trial court had jurisdiction over Appellant's Motion to enforce plea. **See Moose**, 2021 Pa. Super. 2, at **12-13 (stating, before reaching the merits of the claim – which is similar to Appellant's in this case, "[i]nitially, we resolve the parties' dispute as to whether [a]ppellant was required to challenge his sex offender registration requirements in a PCRA petition, such that [a]ppellant's failure to establish a PCRA timeliness exception would preclude a court [from] entertaining the merits of his claim."); **cf. House I**, **supra** (holding that PCRA court lacked jurisdiction to address Appellant's PCRA petition based on the PCRA's time bar and Appellant's failure to prove an exception). In Appellant's Motion to enforce plea, he correctly cites the applicable authority, which establishes jurisdiction. **See**, **e.g.**, **LaCombe**, **supra**; **Moose**, **supra**, at **13-17 (collecting cases). Accordingly, we address the merits of Appellant's claims.

Appellant argues the trial court erred in refusing to enforce the 10-year sexual offender registration term of the plea agreement, and improperly required Appellant, upon violation of his probation in 2013, to register for his lifetime. **See** Appellant's Brief at 8-15. Appellant asserts the trial court erred in finding that the registration period was not a material term of the plea agreement. **Id.** at 13. Appellant emphasizes that his registration term was explicitly and repeatedly mentioned on the record. **Id.** Appellant further contends the 10-year registration period constituted the "sole benefit" he

received in exchange for his plea. *Id.* (pointing out that Appellant pled guilty to all charges and received a standard-range sentence); *see also* N.T., 1/30/12, at 2-3, 6-7 (discussing the 10-year registration period). Accordingly, Appellant argues that "[d]enial of enforcement of that explicit term limiting registration obligations conflicts with the mandate of *Martinez*." Appellant's Brief at 15. Finally, Appellant states, "in light of this Court's *en banc* decision in *Fernandez*, [Appellant's] previous probation violation does not preclude him from obtaining enforcement of the plea agreement in this matter." *Id.* at 10. We agree.

We first note our standard of review: "Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards." *Commonwealth v. Farabaugh*, 136 A.3d 995, 1001 (Pa. Super. 2016) (citation omitted). Because contract interpretation is a question of law, our standard of review is *de novo* and the scope of review is plenary. *Commonwealth v. Summers*, 2021 Pa. Super. 11, at *19 (Pa. Super. 2021).

Regarding plea bargains, we have explained:

"The reality of the criminal justice system is that nearly all criminal cases are disposed of by plea bargains: [n]inety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas. Plea bargaining is not some adjunct to the criminal justice system; it is the criminal justice system. Accordingly, it is critical that plea agreements are enforced, to avoid any possible perversion of the plea bargaining system." *Hainesworth*, 82 A.3d at 449 (internal citations and quotation marks omitted). "The disposition of criminal charges by agreement between the prosecutor and the accused, . . . is an

essential component of the administration of justice. Properly administered, it is to be encouraged. In this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule. . . . A 'mutuality of advantage' to defendants and prosecutors flows from the ratification of the bargain." ***Commonwealth v. Parsons***, 969 A.2d 1259, 1267-68 (Pa. Super. 2009) (*en banc*).

Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. ***Commonwealth v. Anderson***, 995 A.2d 1184, 1191 (Pa. Super. 2010). "Specific enforcement of valid plea bargains is a matter of fundamental fairness." ***Hainesworth, supra***. "The terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to—and seek enforcement of—terms that fall outside these areas." ***Id.***

> [D]isputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.
>
> Any ambiguities in the terms of the plea agreement will be construed against the Government. Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity.

***Commonwealth v. Kroh***, 654 A.2d 1168, 1172 (Pa. Super. 1995) (internal citations omitted). Regarding the Commonwealth's duty to honor plea agreements, well-settled Pennsylvania law states:

> Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.

***Id.*** (internal citations omitted).

*Farabaugh*, 136 A.3d at 1001-02 (citations modified). Further, we have stated that sex offender registration "obviously has serious and restrictive consequences for the offender, including prosecution if the requirement is violated. Registration can also affect the offender's ability to earn a livelihood, his housing arrangements and options, and his reputation." *Hainesworth*, 82 A.3d at 449 (citation omitted).

Here, the trial court opined that Appellant was not entitled to the 10-year registration term of the plea agreement:

> Appellant must establish that the length of the registration requirement was a material element of the plea agreement. *Nase*, 104 A.3d at 532 [(where the appellant sought specific enforcement of negotiated plea term regarding sexual offender registration under *Hainesworth*, *supra*, stating "it is necessary to determine whether the ten-year registration period was a material part of the plea agreement.")]. Appellant has failed to meet this burden and provided no evidence in support of his position. To the contrary, this court notes that Appellant pled to the entire criminal information, in which only one charge required registration under Megan's Law. In contrast, when several offenses which would increase registration are withdrawn in exchange for pleas, the length of registration was deemed a material element of the plea agreement. *Fernandez*, 195 A.3d 299. In the matter *sub judice*, however, the length of registration was not a material element and therefore Appellant is not entitled to relief.[FN2]
>
> > [FN2] Furthermore, this court notes that Appellant should be precluded from specific performance, as he "broke the contract" when he violated the terms of probation, and subjected himself by his conduct to a resentencing hearing wherein this court imposed lifetime registration.

Trial Court Opinion, 10/30/20, at 3-4 (citations modified).

Upon review, we disagree with the trial court's findings and application of the law. ***See***, ***e.g.***, ***Fernandez***, 195 A.3d at 309-10 (where defendant violated his probation and the terms of his original plea agreement, the trial court erred in resentencing and retroactively increasing defendant's sexual offender registration period under SORNA). Here, the trial court's reasoning echoes ***Partee***, which is no longer good law. ***See Muniz***, ***supra***; ***Martinez***, ***supra***. Further, and contrary to the trial court's determination, ***Fernandez*** is not distinguishable because the Commonwealth did not withdraw any of the charges against Appellant in exchange for his plea; indeed, we are persuaded by Appellant that this fact supports a finding that the 10-year registration period was a material term of the plea agreement. The 10-year term was expressly discussed at the guilty plea hearing, and set forth in the sentencing order. ***See*** N.T., 1/30/12, at 2-3, 6-7, ***supra***; ***see also*** Commonwealth Brief at 10 (conceding that at "points during the plea colloquy, the ten-year term of registration appeared to be discussed as being a requirement of the terms of [Appellant's] probation. If the registration period is a material element, then [A]ppellant is entitled to specific performance." (citation omitted)).

Finally, and significantly, even if the 10-year registration period was not a negotiated term of the plea agreement, it must be enforced under ***Fernandez*** and its progeny. ***See Moose***, 2021 Pa. Super. 2, at *23 ("Importantly, the ***Fernandez*** Court did not condition its conclusion on

whether sex offender registration was a negotiated term of the appellants' plea agreements.").

Accordingly, we reverse the order denying the Motion to enforce plea because Appellant is subject to the 10-year registration period negotiated as part of the 2012 plea agreement. *See Fernandez*, 195 A.3d at 311. On remand, the court shall correct this aspect of Appellant's sentence.

Order reversed. Case remanded with instructions as to sex offender registration. Jurisdiction relinquished.

Judge Dubow joins the memorandum.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/2021