J-S11021-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS F. COOK | : | |
| | : | |
| Appellant | : | No. 615 WDA 2025 |
| | : | |

Appeal from the PCRA Order Entered April 29, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003936-2009

BEFORE: LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY NEUMAN, J.: **FILED: June 2, 2026**

Appellant, Thomas F. Cook, appeals *pro se* from the trial court's April 29, 2025 order dismissing his "Motion for Specific Performance of Plea Agreement." After careful review, we affirm.

The facts of Appellant's underlying convictions are not pertinent to the issue he raises on appeal. In a prior appeal, this Court summarized the relevant procedural history of Appellant's case, as follows:

> On August 20, 2009, [in the instant case docketed] at CP-02-CR-3936-2009 (No. 3936), Appellant entered a guilty plea to one count of burglary.[2] The trial court subsequently sentenced Appellant to serve 8 to 16 months' incarceration, to be served concurrently with the sentence imposed at No. 3[9]40. Appellant did not file post-sentence motions or a notice of appeal at No. [3936].

2 18 Pa.C.S.[] § 3502.[1] Appellant simultaneously pled guilty to two counts of burglary at CP-02-CR-3940-2009 (No. 3940). At No. 3940, the trial court sentenced Appellant to 8 to 16 months in prison, followed by one year of probation. Appellant does not challenge the plea agreement or judgment of sentence entered at No. 3940.

In 2011, Appellant entered a guilty plea, in an unrelated case, to burglary, aggravated assault, and kidnapping (the 2011 case). *See* PCRA Court Opinion, 6/8/23, at 1. In later proceedings, Appellant claimed that the Commonwealth improperly induced this guilty plea [in the 2011 case] by threatening to seek a mandatory sentence based on his prior conviction at No. 3936.[3][,2]

3 Section 9714 of the Sentencing Code governs sentences for second and subsequent offenses of designated "crimes

---

1 The statute defining burglary has separate provisions pertaining to the burglary of a structure "adapted for overnight accommodations" where "any person is present[,]" and where "at the time of the offense no person is present[.]" *See* 18 Pa.C.S. § 3502(a)(1), (a)(2). Here, the docket states Appellant pled guilty to burglary under 18 Pa.C.S. § 3502(c)(1), which sets forth the grading of his offense is "a felony of the first degree." 18 Pa.C.S. § 3502(c)(1). There was no indication at the plea proceeding whether Appellant was pleading guilty to burglary under Section 3502(a)(1) (person present) or (a)(2) (no person present). We note, however, the criminal information states, under Appellant's burglary charge, "no person was present…." Criminal Information, 5/1/09, at 1. Additionally, the Guideline Sentence Form sets forth Appellant's charge as "Burglary — Home: No One Present." *See* Guideline Sentence Form, 5/1/09, at 1.

2 Specifically, in a Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, petition filed in Appellant's 2011 case, he argued his plea counsel was "ineffective … in advising Appellant to accept the Commonwealth's plea offer in order to avoid the mandatory sentencing provisions of 42 Pa.C.S. § 9714(a)(1) when Appellant did not qualify for said mandatory sentences, resulting in an unknowing plea and manifest injustice[.]" *Commonwealth v. Cook*, 325 A.3d 1275, 1279 (Pa. Super. 2024). The PCRA court denied Appellant's petition. *Id.* On appeal, this Court vacated the court's order, concluding Appellant had been denied his right to counsel in litigating his first PCRA petition. *Id.* at 1281. We remanded for the appointment of new counsel and an evidentiary hearing. *Id.* The public docket shows that on remand, the PCRA court once again denied Appellant's petition. He filed a timely appeal, which is currently pending before this Court at docket number 345 WDA 2026.

of violence." 42 Pa.C.S.[] § 9714(a). The version of Section 9714(g) (defining "crime of violence") in effect through September 2011 included "burglary of a structure adapted for overnight accommodation **in which at the time of the offense any person is present**." 42 Pa.C.S.[] § 9714(g) (emphasis added).

On July 25, 2022, at No. 3936, Appellant filed a *pro se* "Motion for Specific Performance of Plea Agreement." Appellant averred the Commonwealth had "violated the terms of the plea agreement … by disregarding the fact that [Appellant] plead [sic] guilty upon agreement to a specific charge, burglary of a home **with no person present**." Motion for Specific Performance, 7/25/22, [at] ¶ 11 (emphasis added[;] some capitalization altered). Appellant sought "specific performance" of the plea agreement by obtaining "an official verification by the Commonwealth that it accepted [Appellant's] guilty plea to the charge of burglary of a home with no person present…." *Id.*[] [at] ¶ 12.[4] Importantly, for purposes of the 2011 case, such a clarification would preclude application of a mandatory sentence … based upon his conviction of a prior "crime of violence."

[4] A transcript of the guilty plea proceeding was included in the certified record; however, no written plea colloquy appears of record.

The … court construed Appellant's motion for specific performance as a petition filed pursuant to the PCRA. The PCRA court appointed counsel and granted Appellant leave to file an amended petition within 90 days. PCRA Order, 10/20/22. On December 28, 2022, appointed counsel Suzanne Swan, Esquire (Counsel), filed a motion to withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

In her motion, Counsel concluded Appellant [was] not entitled to relief under contract law principles, "because he did[,] in fact, receive the benefit of his bargain through the specific performance of the terms of the plea agreement." Motion to Withdraw as Counsel, 12/28/22, at ¶ 4. She further opined that Appellant [was] not entitled to relief under the PCRA, "because he is no longer serving a sentence." *Id.* at ¶ 5. On January 11, 2023, the PCRA court granted Counsel's motion to withdraw and issued [a]

Pa.R.Crim.P. 907 notice of its intention to dismiss Appellant's PCRA petition without a hearing.[5]

> [5] The [PCRA] court's notice summarily concluded "[t]he claims set forth in the [p]etition are without merit." Notice of Intention to Dismiss, 1/11/23, at 1 (unpaginated).

On February 1, 2023, Appellant simultaneously filed *pro se* "Objections to Rule 907 Notice" and a "Motion for Leave to Amend PCRA Petition." He asserted Counsel failed to meaningfully consult with him concerning his argument that the PCRA court improperly construed his motion as a PCRA petition. Further, Appellant claimed the factual allegations in the 2011 case alerted him to the breach of the terms of his plea agreement at No. 3936.

\*\*\*

On February 2, 2023, the PCRA court denied Appellant's request to amend his PCRA petition and formally dismissed the petition. Appellant filed a timely[,] *pro se* notice of appeal.

***Commonwealth v. Cook***, No. 239 WDA 2023, unpublished memorandum at 1-5 (Pa. Super. filed Feb. 6, 2024) (one footnote omitted).

Ultimately, this Court in ***Cook*** vacated the PCRA court's order denying Appellant's petition. ***Id.*** at 10. We remanded his case for the court to appoint new counsel to address Appellant's claims Attorney Swan acted ineffectively and "whether Appellant's claim for specific performance fall[s] within the ambit of the PCRA." ***Id.***

On remand, the court appointed Lisle T. Weaver, Esquire, to represent Appellant. On August 29, 2024, Attorney Weaver filed a motion to withdraw and a ***Turner/Finley*** no-merit letter. Therein, Attorney Weaver concluded Appellant's motion for specific performance of his plea agreement was not "governed by" the PCRA. No-Merit Letter, 8/29/24, at 4 (relying on, *inter alia*, ***Commonwealth v. Kerns***, 220 A.3d 607, 611-12 (Pa. Super. 2019) ("[A]

collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance.")).  However, Attorney Weaver determined Appellant's motion "lacks merit" for the reasons set forth by Attorney Swan, *i.e.*, "[e]verything that was bargained for and agreed to within the parameters of the plea agreement at the instant case was honored[,]" and "there is nothing in the record that demonstrates there was an agreement that the Commonwealth would not consider the [b]urglary conviction to not be a crime of violence" in future, unrelated cases.  ***Id.***  Attorney Weaver also reasoned that, because Appellant's "ultimate goal" is to have his guilty plea withdrawn in his 2011 case, he must seek that relief via filings at that docket, not in the instant case.  ***See id.*** at 4-5.  Finally, Attorney Weaver concluded Appellant's assertions of Attorney Swan's ineffectiveness were either moot, time-barred due to the expiration of his sentence in 2010, and/or meritless.  ***See id.*** at 5.[3]

Appellant filed *pro se* objections to Attorney Weaver's petition to withdraw, but on April 29, 2025, the court issued an order dismissing his PCRA petition raising ineffectiveness claims, and denying his motion for specific performance.  The order also granted Attorney Weaver's motion to withdraw.

_____

[3] We need not delve into the specifics of Attorney Weaver's conclusions regarding Attorney Swan's effectiveness, as Appellant has abandoned his claims that Attorney Swan acted ineffectively on appeal.  ***See*** Appellant's Brief at 11 ("Appellant will not waste more time seeking effective counsel in this matter….  Appellant will only discuss prior appointed counsel's ineffectiveness as a means of supporting his argument for specific performance of his plea agreement made herein and the lower court's error in denying such.") (internal citation omitted).

Appellant filed a timely, *pro se* notice of appeal. He and the court thereafter complied with Pa.R.A.P. 1925. Herein, Appellant raises one issue for our review: "Did the [trial] court err in denying Appellant's Motion for Specific Performance of Plea Agreement?" Appellant's Brief at 2.

As set forth above, a petition to enforce a plea agreement is not subsumed by the PCRA, but is treated "under the contractual enforcement theory of specific performance." **Kerns**, 220 A.3d at 611-12 (citations omitted). "Contract interpretation is a question of law, so our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary." **Id.** at 612 (cleaned up).

Here, Appellant argues "he has not received the full benefit of his bargain … as part of [his] negotiated plea agreement" because he agreed to "plead guilty to burglary with the factual scenario, or underlying facts, being that no person was present." Appellant's Brief at 12 (emphasis omitted). According to Appellant, the Commonwealth violated his plea agreement by claiming, in his 2011 case, that a person **was** present during his instant burglary offense and, thus, his conviction qualifies as 'first strike' crime of violence under the mandatory sentencing provisions of 42 Pa.C.S. § 9714(a)(1). **Id.** Appellant argues the Commonwealth then used its invocation of Section 9714(a)(1) as "leverage" to induce Appellant to enter a guilty plea in the 2011 case. **Id. See also Cook**, 325 A.3d at 1276 (noting in Appellant's 2011 case, he entered a guilty plea in exchange for the Commonwealth's withdrawing a robbery charge and "agree[ing] that it would not seek the

- 6 -

imposition of a mandatory 'second[-]strike' sentence"). Thus, Appellant insists the Commonwealth violated "the core agreement made herein that no person was present during Appellant's burglary offense…." Appellant's Brief at 12.

Notably, Appellant recognizes "that the majority of the detriment associated with the violation of his plea agreement herein … occurred during the proceedings [in his 2011 case] and that this … Court cannot afford him direct relief" in that case. *Id.* at 39. However, he requests we render several "clarifications[,]" which he can then use to seek relief in his 2011 case "via collateral proceedings." *Id.* Namely, Appellant asks us to announce the following:

> 1.) Recognition that the terms of the plea agreement made herein … were that the parties agreed … Appellant would plead guilty to burglary and the underlying facts … were that it was burglary of a home where no person was present;
>
> 2.) That the Commonwealth has since violated this agreement by stating … a person was present during Appellant's burglary offense herein … and/or by stating … said offense herein could be considered a "crime of violence" as defined by 42 Pa.C.S. § 9714(g);
>
> 3.) That the Commonwealth is barred from arguing or stating … a person was present during the burglary offense herein … in the future, even in subsequent or unrelated proceedings, so as to prevent another violation of the plea agreement;
>
> 4.) That pursuant to the plea agreement made herein to burglary of a home where no person was present, this conviction … could never be considered a "crime of violence" as defined under the version of 42 Pa.C.S. § 9714(g) in effect prior to its amendment in 2012. Specifically, that it could not be considered as "burglary of a structure adapted for overnight accommodations in which at the time of the offense any person is present[,"] as such a

determination would violate the parties['] agreement that no person was present and rob Appellant of the benefit of his bargain.

*Id.* at 39-40.

In response to Appellant's arguments, the Commonwealth offers various grounds for rejecting his request for relief. First, it contends Appellant "waited an unreasonably long time to bring this claim." Commonwealth's Brief at 10 (emphasis omitted). It explains:

> Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract law standards. **Com[monwealth] v. Fernandez**, 195 A.3d 299, 308 (Pa. Super. 2018). Breach of contract actions are generally governed by a four-year statute of limitations, unless another specific statute of limitations applies in a given circumstance. **See, e.g.**, **McGaffic v. City of New Castle**, 973 A.2d 1047, 1052 (Pa. [Cmwlth.] 2009) [()citing 42 Pa.C.S. § 5525[)].[4]
>
> Adopting the ordinary contract law statute of limitations to this claim would comport with the general principle that motions to enforce plea agreements are governed by contract law. Here, [A]ppellant had actual knowledge of the purported "breach" of his plea agreement on February 1, 2011. He sat on his rights for over a decade, or until July 25, 2022. Therefore, this Court should hold that this claim is barred by the ordinary four-year statute of limitations governing breach of contract claims.

*Id.* at 10-11.

Second, the Commonwealth argues Appellant "waived this claim by his own conduct." *Id.* at 11. It insists that,

---

[4] "This Court is not bound by the decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." **Petow v. Warehime**, 996 A.2d 1083, 1089 n.1 (Pa. Super. 2010) (citations omitted).

[b]y failing to challenge the prosecutor's invocation of the mandatory minimum [in the 2011] case, then pleading guilty, [Appellant] acted to acquiesce to the breach as commonly understood in contract law. In a contract case, "waiver may be established by a party's express declaration or by a party's **undisputed acts [...] so inconsistent with a purpose to stand on the contract provisions** as to leave no opportunity for a reasonable inference to the contrary." ***Prime Medica Assocs. v. Valley Forge Ins. Co.***, 970 A.2d 1149, 1156–57 (Pa. Super. 2009) (emphasis added).

Here, the Commonwealth submits that, by choosing not to challenge the prosecutor's "breach" of the plea agreement in 2011, and instead simply acquiescing to that "breach" and pleading guilty, [A]ppellant was acting "so inconsistent[ly] with a purpose to stand on the" provisions of the plea agreement that he was acquiescing to the breach and waiving his right to enforce the plea agreement in this instance.

***Id.*** at 11-12.

Third, the Commonwealth concludes "Appellant has received the benefit of his plea bargain in this case." ***Id.*** at 12 (emphasis omitted). It explains:

[T]he agreement was that [A]ppellant would plead guilty to count one—burglary, and the Commonwealth would withdraw counts two and three. There was no agreement as to sentence and there was no restitution. Finally, [A]ppellant was ordered to have no contact with the victims.

Appellant received the benefit of his bargain. He did indeed plead guilty to count one, and counts two and three were indeed withdrawn. There was indeed no agreed-upon sentence to present to the court for its consideration. There was simply no express or implied term of the deal stating that the Commonwealth was binding itself in the future not to invoke the mandatory minimum statute using this conviction.

***Id.*** at 13-14.

For its part, the trial court concurred with Attorney Swan's and Attorney Weaver's conclusions in their ***Turner/Finley*** no-merit letters "that Appellant

received the full benefit of the bargain in exchange for his plea to the [b]urglary charge." Trial Court Opinion, 7/30/25, at 4. The court also agreed the record did not support "Appellant's assertion … it was part of the plea agreement that the [b]urglary would not be considered a crime of violence…." *Id.* Thus, the court found Appellant's motion for specific performance of his plea agreement "lacked merit." *Id.*

We agree with the court and the Commonwealth that no relief is due. After carefully reviewing the record, it is clear the ***express*** terms of Appellant's plea agreement were fully honored in this case. As the Commonwealth points out, in stating the terms of the plea agreement, the Commonwealth declared Appellant would plead "guilty to one count of burglary, a felony … in the first degree, and the Commonwealth [would] mov[e] to withdraw all other counts…." N.T., 8/20/09, at 2. There also was "no agreement as to sentence" and "no restitution…." *Id.* It was agreed that a no-contact order would be entered between Appellant and the victim. *Id.* at 3. Appellant does not dispute that these terms were upheld, and the record confirms they were.

At no point during the plea proceeding was there any mention of Appellant's burglary charge being construed as "no person present[,]" let alone any promise or agreement by the Commonwealth that it would consider his charge as "no person present" in any future proceedings. Indeed, the Commonwealth's recitation of the facts of this case indicate a person ***was*** present during Appellant's burglary. ***See id.*** at 6 (stating Appellant "entered

- 10 -

the victim's residence[,]" after which "[s]he came in, found [Appellant] in her residence, and he promptly fled with her laptop computer, DVD collection, two prescription medications, and a bottle of vodka"). Notably, Appellant's counsel indicated he had "no additions or corrections to the summary." **Id.** at 7.

Based on this record, we conclude there was no **explicit** agreement that Appellant's burglary offense would be considered as "no person present," or that the Commonwealth would never characterize this offense as a crime of violence in future cases for purposes of seeking application of a mandatory-minimum sentence under Section 9714(a)(1). To the extent there was any **implied** agreement in this regard, the time and place for Appellant to argue this fact was **during the plea proceedings in his 2011 case** when the Commonwealth sought application of Section 9714(a)(1). However, Appellant did not raise any such claim in his 2011 plea proceeding. He also did not file any post-sentence motion to withdraw his 2011 plea or direct appeal arguing Section 9714(a)(1) did not apply or that his plea was unlawfully induced.

Instead, he entered his guilty plea in the 2011 case, and then waited another decade to improperly assert his claim for relief in this case, when the actual relief he seeks is withdrawing his guilty plea in the 2011 case. Although Appellant acknowledges we cannot afford him the relief he ultimately seeks (*i.e.*, invalidating his 2011 guilty plea), he asks us to issue 'clarifications' regarding his instant plea, which he can then utilize in post-conviction proceedings in the 2011 case.

However, even if we declared Appellant's instant guilty plea included an implied agreement that no person was present in the home he burglarized, Appellant could not use this declaration to obtain PCRA relief in his 2011 case. Appellant's judgment of sentence became final on March 3, 2011. ***See Cook***, 325 A.3d at 1277. Thus, any PCRA petition he would file would be untimely, unless he met a timeliness exception. ***See*** 42 Pa.C.S. § 9545(b)(1) (stating "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" the applicability of a timeliness exception). Presumably, Appellant would plead the newly-discovered-fact exception based on 'clarifications' issued by this Court herein. However, the newly-discovered-fact exception "requires that the 'facts' upon which the petitioner's claim is predicated were 'unknown to the petitioner and could not have been ascertained by the exercise of due diligence.'" ***Commonwealth v. Small***, 238 A.3d 1267, 1283 (Pa. 2020) (quoting 42 Pa.C.S. § 9545(b)(1)(ii)). Here, Appellant insists his instant plea, entered in 2009, ***clearly encompassed*** an agreement that a person was not present in the home he burglarized, and the Commonwealth violated this agreement when he pled guilty in 2011. In other words, Appellant admits he was aware in 2009 of this alleged term of his plea agreement, and he knew in 2011 the Commonwealth purportedly violated it. Consequently, any pronouncement by this Court would simply be a new source of a previously known fact, which is insufficient to satisfy the newly-discovered-fact exception. ***See***

- 12 -

***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) ("The focus of the exception is on the newly discovered *facts*, not on a newly discovered or newly willing source for previously known facts" (emphasis in original; brackets and internal quotation marks omitted)). ***See also Commonwealth v. Rivera***, 324 A.3d 452, 468 (Pa. 2024) ("Thus, while recently discovered evidence may reveal new facts, or even itself establish a new fact in some situations, whether a petitioner meets the requirements of the newly discovered facts exception ultimately turns on the petitioner's knowledge of previously unknown facts, not new evidence of a known fact, related to his claim.") (footnote omitted).

Thus, Appellant has failed to demonstrate he is entitled to relief in the instant case. The explicit terms of his plea agreement in this case were upheld. Even if there was a violation of an implied term of his agreement, it would have occurred when he pled guilty in 2011. However, Appellant never raised any challenge to the Commonwealth's position in 2011 that his instant burglary offense constituted a crime of violence. As such, he cannot now claim, over a decade later, that his instant plea agreement was violated so he can ultimately seek relief in his 2011 case.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/2/2026